## THE STATE BANK vs. TUCKER, AD.

Although no affidavit is required for the legal exhibition of a claim against the estate of a deceased person, upon which an action was pending at the time of his death; yet such action must be revived against the administrator, or executor within two years from the grant of letters, or the claim will be barred, like any other not legally exhibited.

*Appeal from Jackson Circuit Court.*

Hon. B. H. NEELY, Circuit Judge.

S. H. HEMPSTEAD, for the appellant. The pleas to the scire facias were improper, and the demurrer to them should have been sustained. *Dig.*, 126, 5 *Eng.* 584, *Byers vs. Walker, July Term*, 1853.

BYERS & PATTERSON, for appellee. Upon the principles declared by this court, in the case of *Walker, ad. of Pope vs. Byers*, decided at the last July Term, the judgement of the Circuit Court must be affirmed.

Mr. Justice SCOTT delivered the opinion of the Court.

The Bank sued Stith Tucker in his life time. Pending this suit, it was suggested that the latter had departed this life, and that Gideon Tucker had been appointed his administrator, and, with the view to revive against the latter as such administrator, sci. fa. was sued out and executed. In response, Gideon Tucker set up, by one plea, that letters of administration on the estate were granted to him on the 10th day of October, 1849, and the sci. fa. was not executed upon him until the 14th of October, 1851; and, by another plea, that more than two years had expired since the grant of administration, and that the claim had not been exhibited to him in any mode provided by the statute within that period. The Bank interposed demurrer, which was overruled and electing to stand on it, final judgment was given for Tucker, and the Bank appealed.

Although actions pending against any person at the time of his death, which by law survive against the administrator or executor, are without the rule requiring the authenticating affidavit when exhibition of the claim is sought by a revival of the action against such representative, it by no means follows that such claims are without the rule requiring imperatively the exhibition of all claims within the two years, in some one of the modes provided by the statute. When such actions are revived, the statute declares that "they shall be considered demands legally ex-

OF THE STATE OF ARKANSAS. 41

hibited against the estate from the time such actions shall be re-vived and shall be classed accordingly." (*Dig., p.* 126, *sec.* 86.) But if such revival should not be had until after the expiration of the two years, like exhibition in any other mode after the expiration of the two years, it would be too late. (*Walker ad. vs. Byers,* 14 *Ark. R.*) Judgment affirmed.