## In re HENSLEY'S Allowance.

Kansas City Court of Appeals, November 19, 1906.

1. ADMINISTRATION: Adjustment of Allowances: Administrator's Authority: Validity of Receipt. An administrator has no authority to adjust demands against his intestate's estate, and a receipt by a creditor binds neither the estate nor the creditor.

2. ————: Exhibition of Demands: Notice. Where an action is pending at the intestate's death, the demand shall be considered legally exhibited and no notice to the administrator of its pendency is necessary.

3. ———: ———: **Limitation.** Though an action be pending against deceased at his death, the creditor must have the action revived against the administrator within two years from the date of the letters of administration or the demand will be barred.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

REVERSED.

*Samuel S. Shull* for appellant.

(1) The written compromise and settlement introduced by the defendant on the trial was a complete settlement of the case out of which the costs arose and which costs together with the judgment in that case form the basis of this suit. (2) There could be no allowance in the probate court without complying with the statute in relation to establishing demands against estates of deceased persons. There was no compliance with such statutes. No notice with copy of the demand was served on the administrator. R. S. 1899, secs. 195, 196, 197, 198. (3) The defense of the statute of limitation was a complete defense. R. S. 1899, secs. 184, 185. There was publication within thirty days after granting of letters as required under sections 86 and 185, Revised Statutes 1899.

*Dickson & Dickson* for respondent.

No brief filed by respondent.

BROADDUS, P. J.—The present proceedings were instituted in the probate court by respondent filing a judgment he had obtained against Joseph Pankau in his lifetime for $44.80 and $166.45, costs, making a total of $211.25. The finding and judgment were for the respondent and the case was appealed to the circuit court

where, on trial anew, the judgment was for respondent for his costs only. The administrator, Joseph Pankau, Jr., appealed to this court.

From the original judgment of respondent against Joseph Pankau, the defendant therein appealed to this court, during the pendency of which said Pankau died. Joseph Pankau, Jr., was appointed administrator of his estate and he duly qualified as such. The judgment was rendered in September, 1899, and an appeal granted sometime in June, 1900.

Afterwards, on December 10, 1900, the respondent executed the following writing: "I hereby agree to and do now settle the case of J. W. Hensley v. Joseph Pankau, who is now deceased, being a case pending in the circuit court of Buchanan county, Missouri, wherein I sued for about $40, being a balance on a note given me by said Joseph Pankau, and in which case I received a verdict in my favor. I settle said case for $25 paid to me by Joseph Pankau, Jr., administrator of the estate of his father, who is deceased, as above stated. This will authorize said administrator to have said case dismissed and the cause is not to be further prosecuted, but is to be dismissed from the docket. Said judgment is in my own name on record of the court and has not been sold or assigned to any person.

(Signed.)                    "J. W. HENSLEY."

Subsequently, on the 7th day of November, 1904, the said administrator moved in the Kansas City Court of Appeals to have the cause revived in his name as administrator, which motion the court sustained, and on the 28th day of said month he had an order made dismissing the appeal. Three days prior thereto respondent filed his judgment in the probate court for allowance. Testimony was introduced in reference to the receipt, of an explanatory character, but in view of the conclusion to which we have arrived such testimony has no bearing on the result. The respondent has

filed no brief. The record of the case is poorly made up, but we have been able to glean the foregoing facts, which are sufficient for the purposes of the case.

Appellant's first contention is, that the receipt evidenced a complete settlement of respondent's demand. We think otherwise. We know of no law that would authorize an administrator the unrestricted power to adjust demands against the estates of deceased persons. The law wisely vests such power in the probate courts of the State. It follows, therefore, if the settlement evidenced by the receipt was not binding on the administrator, it was not binding on the respondent.

It is admitted that there was no notice given the administrator that the respondent's judgment would be exhibited against the estate, and that judgment was rendered without such notice. In such cases, notice is not required. Section 186, Revised Statutes 1899, is as follows: "All actions pending against any person at the time of his death, which, by law, survive against the executor or administrator, shall be considered demands legally exhibited against his estate from the time such action shall be revived, and classed accordingly."

Notwithstanding this section, the claim was not so exhibited within the two years. [Section 185, *idem.*] Administration had been pending more than two years when appellant entered his appearance as administrator and dismissed the appeal; consequently respondent's demand was barred under the statute. It was the duty of respondent to have had his action revived within two years from date of letters of administration. [Posthlewaite v. Ghiselin, 97 Mo. 420, and cases cited.] Cause reversed. All concur.