TENNA WILKINSON, Defendant in Error, v. CHAS. THOM, Administrator of the Estate of J. SAM BROWN, Deceased, Plaintiff in Error.

**Springfield Court of Appeals, June 26, 1916.**

1. **LIMITATIONS: Actions Against Estates: Bar of Statute.** Under Secs. 190, 192, R. S. 1909, and Sec, 191, R. S. 1909, as amended by Laws 1911, p. 82, relating to claims against estates, actions pending against a person at the time of his death are barred if not revived within one year after letters of administration are granted. And this is true, notwithstanding Sec. 1916, R. S. 1909, providing for revival of actions.

2. **ABATEMENT AND REVIVAL: Statutory Provisions.** Under Sec. 1916, R. S. 1909, no action shall abate by the death of a party if the cause of action survives and the court may revive the action on or before the third term after the suggestion of death. If not so revived under Sec. 1921, R. S. 1909, the action abates.

3. **STATUTES: Statutory Provisions: General and Special: How Construed.** The general provisions of a statute yield to the special provisions where there is a conflict and where the general expressions in one part of a statute are inconsistent with the more specific provisions in another part of the statute.

4. **ABATEMENT AND REVIVAL: Allowing Time for Revival to Pass: When Not Excused.** The administrator of one against whom an action was pending at his death promised to instruct his attorney to enter appearance therein. This did not excuse plaintiff for proceeding too late for revival, where the attorney told plaintiff five months before the expiration of time for revival that defendant was not, at that time, going to appear.

Error to Howell County.—*Hon. W. N. Evans*, Judge.

REVERSED AND REMANDED (*with directions.*)

*N. B. Wilkinson* for defendant in error.

*M. T. January* for plaintiff in error.

ROBERTSON, P. J.—The question involved here is that of the limitation on the right of revival of an action against defendant as administrator of the estate

of J. Sam Brown, deceased. The plaintiff prevailed below and defendant has brought the case here by writ of error.

At the December term, 1913, of the Howell Circuit Court, in a cause there instituted by plaintiff in this case against said J. Sam Brown, the death of said defendant was suggested. On December 11, 1914, a conditional order was made reviving the suit in the name of the here defendant administrator and summons ordered issued to him to show cause why the case should not stand revived in his name. In due time he appeared and objected to the revival because the time had expired within which the revival could be had in his name. His objection was overruled and the cause proceeded to final judgment against him.

Letters of administration issued to defendant December 8, 1913, and the first insertion of the notice thereof in the newspaper was on December 12, 1913.

The defendant relies on sections 190, 191 and 192, Revised Statutes 1909, to sustain his contentions. Section 190 provides for the classification of demands against the estates of deceased persons, some claims depending for their class with reference to when filed. Section 191, as amended (Laws 1911, p. 82), reads as follows:

"All demands not thus exhibited in one year shall be forever barred, saving to infants, persons of unsound mind or imprisoned, and married women one year after the removal of their disability, and said one year shall begin to run from the date of the letters where notice shall be published within ten days, after letters are granted, and in all other cases said one year shall begin to run from the date of the last insertion of the publication of the notice."

Section 192, is as follows:

"All actions pending against any person at the time of his death, which, by law, survive against the executor or administrator, shall be considered demands legally exhibited against his estate from the time such action shall be revived, and classed accordingly."

It will thus be seen that the conditional order of revival was entered (December 11, 1914) more than one year after the date (December 8, 1913) of the letters of administration.

Plaintiff meets this situation with a reference to section 1916, Revised Statutes 1909, which provides that no action shall abate by the death of a party if the cause of action survives, and also authorizes the court to revive the action on or before the third term after the suggestion of death. Section 1921 provides that if not so revived the action abates.

That sections 191 and 192 fix a limitation on the time in which claims may be exhibited and actions revived against administrators of the estates of deceased persons is undoubted and it is equally as clear that the general provision as to revival of causes of action, relied upon by respondent, have no application. [Montelius v. Sarpy, 11 Mo. 237; Posthlewaite v. Ghiselin, 97 Mo. 402, 423 and 424, 10 S. W. 482, and In re Hensley's Allowance, 121 Mo. App. 695, 698, 97 S. W. 645.]

There is a rule of construction, applicable here, which requires "the general provisions of a statute to yield to special provisions, where there is a conflict and where the general expressions in one part of a statute are inconsistent with the more specific provisions in another part of the statute." [State ex rel. Garesche v. Roach, 258 Mo. 541, 552, 167 S. W. 1008.]

The administrator lived in Vernon County and received his letters from the probate judge of that county. On January 7, 1914, the attorney for plaintiff wrote to the Judge of the probate court of Vernon County asking for the name of the administrator of the estate of said Brown, if one had been appointed. The defendant's name and address were given and plaintiff's attorney wrote to him January 12, 1914, and received an immediate answer that he (defendant) had instructed him, attorney to enter an appearance. At the July term, 1914, plaintiff's attorney testified that the attorney to whom defendant referred in his letter stated that he had not been instructed to enter any appearance. On July 22, 1914, plaintiff's attorney wrote to

defendant advising him that no appearance was entered and requested defendant to suggest to his attorney that the appearance be entered. Defendant made no reply to this letter and on September 30, 1914, a summons, as in an original suit, was issued to him, directed to his county, by the clerk of the circuit court of Howell County and was served by the sheriff of Vernon County, October 3, 1914. It was filed in the circuit court of Howell County on October 10, 1914, but no action was sought to be taken in the case by reason thereof. The next order in the case was the said provisional order of revival December 11, 1914.

The correspondence which was had by plaintiff's attorney with defendant can be no basis for holding that the plaintiff can be excused for not obtaining his provisional order of revival earlier. He was advised at the July term, 1914, that the attorney for defendant was not at that time going to enter any appearance. It seems that then the defendant had concluded not to comply with his promise theretofore made and plaintiff was advised of that fact in ample time to have protected himself from the running of the statute.

The judgment against defendant must be and is reversed and the cause remanded with directions to the circuit court to dismiss it. *Sturgis* and *Farrington, JJ.,* concur.