# C. H. ALBERS COMMISSION COMPANY, Appellant, v. LOUIS E. VOGELSANG, Executor, Respondent.

St. Louis Court of Appeals, December 30, 1916.

1. **EXECUTORS AND ADMINISTRATORS: Presentation of Claims: Special Statute of Limitations: Manner of Raising.** It is unnecessary, in a proceeding in the probate court to enforce a claim against an estate, to plead the statute limiting the time within which such claims must be presented (Sec. 191, R. S. 1909, as amended by Laws 1911, p. 81), but it is sufficient if the point be raised in such a way as to make it clear to the court and counsel that the personal representative is relying upon the statute.

2. ———: ———: ———: ———. In a proceeding to enforce a claim against an estate, instituted in the probate court and taken to the circuit court by appeal, *held* that it sufficietly appeared, from statements of counsel for the executor and from an endorsement made by the trial judge upon the peremptory instruction given by him, that the court and adverse counsel understood that the executor was relying upon the point that the claim was barred by reason of claimant's failure to present it within the time limited by Sec. 191, R. S. 1909, as amended by Laws 1911, p. 81, so as to make such point available as a defense.

3. **TRIAL PRACTICE: Evidence: Effect of Attempted Withdrawal of Admissions.** Where plaintiff makes an admission of facts relied upon as constituting the defense, which it is not necessary for him to show to make out a *prima-facie* case, a subsequent announcement by him that he withdraws the admission will not have the effect of effacing the record that had then been made.

4. **APPELLATE PRACTICE: Inconsistent Position: Estoppel.** A claimant against an estate will not be heard to object, on appeal, that the newspaper publishing the notice of the granting of letters testamentary, as required by Sec. 82, R. S. 1909, as amended by Laws 1911, p. 79, was not a proper newspaper, where he himself put in evidence the affidavit of publication, as showing due publication of the notice, and the point is first raised in the appellate court.

5. **EXECUTORS AND ADMINISTRATORS: Presentation of Claims: Statute of Limitations: Construction.** Sec. 191, R. S. 1909, as amended by Laws 1911, p. 81, barring claims against estates that are not presented within one year *from the date of letters*, where notice is published within ten days after the granting of letters, is not affected by Sec. 82, R. S. 1909, as amended by Laws 1911, p. 79, which gives the form of notice for publication, and states that

if such claims are not exhibited within one year *from the date of the last insertion of such publication,* they shall be barred.

6. ———: ———: ———: **Waiver.** The fact that an executor or administrator publishes a notice of the granting of letters, stating that claims will be barred unless presented wihin one year *from the date of last insertion of such publication,* pursuant to the form prescribed by Sec. 82, R. S. 1909, as amended by Laws 1911, p. 79, does not preclude him from asserting that claims are barred unless presented within one year *from the granting of the letters,* pursuant to Sec. 191, as amended by Laws 1911, p. 81, where such notice is published within ten days after the granting of letters.

Appeal from St. Louis City Circuit Court.—*Hon William M. Kinsey,* Judge.

AFFIRMED.

*S. Mayner Wallace, Wm. R. Orthwein* and *Shepard Barclay* for appellant.

(1) There was ample proof offered by plaintiff of the execution of the notes by their maker, which, with their recitals and the possession of the papers by plaintiff, constituted evidence of liability of the estate, which the learned trial judge erred in taking away from the jury by the instruction given. R. S. 1909, secs. 9,995, 10,021, 10,174; Boeka v. Nuella, 28 Mo. 180; Willard v. Moies, 30 Mo. 142. The attempt at defense (under the short special statute of limitation) was not complete so as to warrant the instruction as a matter of law, because defendant's evidence was deficient, and the issue defendant raised thereby was one of fact and not of law. Sess. Laws 1911, pp. 79-81, secs. 83, 191; Gannon v. Gas Co., 145 Mo. 502, (2) The circuit court erred in directing a verdict for defendant, because under the legislation of 1911, the bar of probate limitation runs from the "date of the last insertion" of the publication (Sept. 28, 1912), as recited in defendant's own published notice, following the last amendment of the statute on that point, and the exhibition to defendant and filing of the demand were prior to one year from that date. Sess. Laws Mo. 1911, p. 79, sec. 82. (3)

The circuit court erred in directing a verdict for defendant, because the Act of 1911 (amending sec. 191) if applicable, was not invoked by defendant in his printed notice published in the Times. The publication did not claim a bar from the date of defendant's letters testamentary. Sess. Laws, Mo. 1911, p. 81, sec. 191. (4) The circuit court erred in instructing for a verdict for defendant, because the burden of proof was on defendant to establish the facts creating a statutory bar, and defendant did not discharge that burden. Hawkins v. Ridenhour, 13 Mo. 130; Wilson v. Gregory, 61 Mo. 421; Munday v. Leeper, 120 Mo. 418. (5) The circuit court erred in its instruction, because the burden of proof of the defense being on defendant, its proof should have been submitted to the jury, even if there was no contradictory testimony. Its credibility was for the jury. Gannon v. Gas Light Co., 145 Mo. 502; Castens v. Knights, 190 Mo. App. 65. (6) The circuit court erred in giving the peremptory instruction, because there was no proof offered by defendant to show that the publication of notice offered in evidence was in a newspaper designated for such publications by the Board of Judges in the Eighth Circuit, which proof is necessary to make such publication "valid and sufficient" under the statute law of that subject. R. S. 1909, secs. 500, 591, 593; Cissell v. Pulaski Co., 10 Fed. 892, 3 McCrary 447; Gibney v. Crawford, 51 Ark. 34, 9 S. W. 309. A strict compliance with laws creating a bar of limitation is required. Hawkins v. Ridenour, 13 Mo. 130. (7) The circuit court erred in giving the binding instruction, because the notice as published does not conform to the terms of amended section 191 (Sess. Laws 1911, p. 81), on which defendane relies for a bar, if that section were applicable. Any other notice than that prescribed as a bar amounts to no notice and constitutes no defense. Wilson v. Gregory, 61 Mo. 421; Munday v. Leeper, 120 Mo. 418. Here neither the affidavit nor other proof shows that the Times was a "newspaper," as required by sec-

tion 82.   (8) The circuit court erred in giving the instruction to the jury, because the interpretation of the amendments in 1911 to sections 82 and 191 require the former (Sec. 82) to be given paramount force, as the more equitable and just rule; and because being more particular (in fixing the date of the last publication) it is of paramount force over the more general terms in the other enactment.   State v. Roach, 25n Mo. 552; City v. Lane, 110 Mo. 259; Musick v. Railroad, 114 Mo. 314. Ambiguity in Statutes of Limitation is resolved in favor of the longer period admissible under the terms of the sections involved.   Crum v. Johnson, 92 N. W. 1054; Maxwell, Interp. Stats. (4 Ed.), p. 429.   (9) The circuit court erred in the charge to find for defendant because defendant, by the instruction he asked, did not assign or rely upon the short Statute of Limitations, and hence the court should not have amended the instruction but accepted the same as a waiver of that bar, if it had been applicable.   Wilson v. Gregory, 61 Mo. 421; Stiles v. Smith, 55 Mo. 363.   The bar of this special, short, probate statute of limitations cannot properly "be first urged by objections to the admissions of evidence, nor by a demurrer to plaintiff's evidence." 25 Cyc. 1405, and cases cited to notes 32, 33.   The objection by defendant's learned counsel during the trial was insufficient to apply the statute in question.   It did not specify what term or time of bar was invoked. It stated no facts, and the instruction later offered by defendant makes no allusion to any bar of limitation, despite the court's broad hint on that point.   The objection was not sufficient.   Murphy v. DeFrance, 105 Mo. 62; Vail v. Jacob, 7 Mo. App. 571; Hunter v. Hunter, 50 Mo. 452; Harper v. Eubank, 32 Mo. App. 258.   (10) The circuit court erred in its instruction for a verdict for defendant, because all the prerequisites to impose the bar of limitation claimed by defendant under sec. 191 (Sess. Laws, 1911, p. 79) were not proven by defendant.

Neither the affidavit nor other proof showed that the St. Louis Times was designated to publish such notices, nor was that proof otherwise given by defendant. Sess. Laws, Mo. 1911, p. 79, sec. 83; R. S. 1909, secs. 591-593; State v. Tolle, 71 Mo. 645; Benton Co. v. Morgan, 163 Mo. 675; Hancock v. Whybark, 66 Mo. 672. (11) The intent of the existing law as shown by all the sections (as amended in 1911, secs. 82, 83, 191 and 195) is to define the beginning of the short limitation at the "last insertion" of the publication, being the time when full notice has been given of the letters; thereby fixing the "date of the letters," as part of the probate records. Sess. Laws 1911, pp. 79, 81, 82; secs. 82, 191, 195; Spaulding v. Suss, 4 Mo. App. 541 (construing similar sections of the former law, R. S., 1865, p. 490, sec. 19, and p. 502, sec. 6.)

*Henry H. Oberschelp* for respondent.

(1) The only provisions for notice of letters are all contained in section 82, R. S. 1909, as amended 1911, page 79, with which the claimant admits the executor complied. (2) The words in said notice, required by said amended section, "if such claims be not exhibited within one year from the date of the last insertion of such publication, they shall be forever barred," do not preclude the idea that under some circumstances claims may be barred in less time. (3) But no matter what interpretation might be placed on the words in said notice, it was in strict compliance with the law's requirements. (4) As there was publication of such notice within ten days after the letters were granted, in accordance with section 191, R. S. 1909, as amended 1911, pages 81-82, the demand is forever barred, not having been exhibited within one year from the date of letters. Wilkinson v. Thom, 185 S. W. 552; Savings Bank v. Burgin, 73 Mo. App. 108, 112, lines 17-20; Massie v. Fuqua, No. 41574 Circuit Court City of St. Louis. (5) The only provisions with reference to the barring of claims against estates of deceased persons

are contained in section 191, as amended 1911, pages 81-82, the language of which is too plain to admit of doubt as to its meaning. It alone is controlling in determining the bar to claims. (6) The case was tried on the theory that the executor's notice was published in the proper newspaper. Such question cannot for the first time be. raised in appellate court. (7) Furthermore, in the absence of proof to the contrary, it must be conclusively presumed the publication was legal. Foot-note to sec. 591, R. S. 1909; Kansas City v. Mastin, 169 Mo. 80. (8) Furthermore, the circuit court was authorized and compelled to take judicial notice of its own orders and records especially of such a general nature and the St. Louis Times was the duly authorized newspaper, and claimant does not deny it. (9) An executor's notice of letters granted by the probate court need not necessarily be published in the newspaper officially designated by the circuit court. Secs. 82 and 591, R. S. 1909. (10) As the necessary facts were ad-admitted, there was no question for the jury. (11) As this claim arose in the probate court, no pleading by the executor was necessary. The bar of limitation was called to the attention of the trial judge, who decided in favor of the executor accordingly. Furthermore, claimant, by its conduct and action at the trial, recognized that such defense was being made. Wencker v. Thompson, 96 Mo. App. 59, 66. (12) The witnesses for claimant corporation, being connected with it, were disqualified to testify with reference to said notes by reason of the death of the party they claimed executed same. (13) Alterations in each of the notes were such as to absolutely void said notes and preclude any recovery thereon. McCormack Harvester Co. v. Blair, 146 Mo. App. 374.

ALLEN, J.—This is an action to enforce against the estate of Henry B. Vogelsang, deceased, a claim founded upon two promissory notes; one note being for $2158.65, with interest, upon which it is alleged that nothing has been paid, and the other being for

$1300 on which a credit of $1000 appears, leaving a balance of $300, and interest, claimed to be due thereon.

The probate court allowed the claim against the estate, and the defendant executor appealed to the circuit court, where, upon a trial *de novo*, the court, at the close of plaintiff's case, peremptorily directed a verdict for defendant upon the ground that plaintiff's claim had not been presented to the executor within the time allowed by law but was barred by the special Statute of Limitations, to-wit, section 191, Revised Statutes 1909, as amended in 1911. [See Laws 1911, p. 81.] The jury returned a verdict for defendant in accordance with the peremptory instruction; and from a judgment entered accordingly, plaintiff prosecutes the appeal before us.

The record discloses that Henry B. Vogelsang died on May 20, 1912; that on August 29, 1912, letters testamentary upon his estate were granted to the defendant executor, and that, within ten days thereafter, to-wit, on September 7, 1912, the executor began publication of the notice to creditors hereinafter referred to, which notice was published once a week for four consecutive weeks, the last publication being on September 28, 1912. Notice of plaintiff's demand was served on the defendant executor on September 25, 1913. At the trial in the circuit court plaintiff's counsel stated that these facts were admitted by the parties; and that it was further admitted that a certain "publication affidavit of one G. S. Pollard of the St. Louis Times is a correct statement of the publication to creditors on the part of said executor and is marked as defendant's Exhibit A." This affidavit, in which appears a copy of the notice to creditors, was thereupon admitted in evidence. The notice thus shown to have been published by the defendant as such executor is as follows:

"Notice is hereby given that letters testamentary on the estate of Henry B. Vogelsang, deceased, were

granted to the undersigned by the probate court of the city of St. Louis, on the 29th day of August, 1912.

"All persons having claims against said estate are required to exhibit the same to the undersigned for allowance, within six months after the date of said letters, or they may be precluded from any benefit of said estate, and if such claims be not exhibited within one year from the date of the last insertion of this publication, they shall be forever barred."

When these facts had thus come into the case by way of admissions, defendant's counsel objected to the introduction of any further evidence on the ground that the facts so disclosed showed "that neither of the claims were presented within the required time and that they are barred by the statute." A colloquy between court and counsel then ensued; and plaintiff's counsel attempted to withdraw his "admission" because of the alleged failure of defendant's counsel to abide by an oral agreement said to have been entered into by counsel. The court ultimately overruled defendant's objection; and plaintiff adduced proof going to show that the notes were valid obligations of the deceased, and that the respective amounts claimed were due and payable thereon.

At the close of plaintiff's case the court, at defendant's request, gave the peremptory instruction above mentioned, indorsing thereon the following notation, viz: "Given upon the ground that plaintiff's claim is barred by the special Statute of Limitations, section 191, Revised Statutes 1909, as amended March 13, 1911."

From what we have said above it will be seen that the trial court proceeded upon the theory that, since the defendant executor, in compliance with the law, began the publication of the notice to creditors within ten days after the issuance of the letters, the one year period of limitation provided by the statute, as amended in 1911, began to run from the date of the issuance of such letters, to-wit, August 29, 1912; and as plaintiff

did not serve the defendant with notice of its claim until September 25, 1913, the demand was barred by the statute.. Plaintiff, appellant here, contends, on the other hand, that under the statute, as amended, when correctly interpreted and applied to the facts of this case, the one year period of limitation did not begin to run until the date of the last insertion of the publication of the notice aforesaid, to wit, September 28, 1912; and that consequently plaintiff's claim was not barred, when notice thereof was served on the executor on September 25, 1913.

Before considering the question thus presented, we shall dispose of certain points raised by appellant's learned counsel.

It is said, for one thing, that the bar of the statute was not properly invoked at the trial. But we are not persuaded that there is any merit in this suggestion. That it is unnecessary to plead the statute, in a case originating in the probate court, is not disputed. And it appears that the point was raised in a way such as to make it clear to court and counsel that defendant was relying upon the special statute. [See Wencker, Admr., v. Thompson's Admr., 96 Mo. App. l. c. 66, 69 S. W. 743.] Indeed it appears from statements of defendant's counsel in the trial of the case below that defendant proceeded upon the theory that this was the only defense to be asserted. And the court, in giving the peremptory instruction, noted thereon that it was given upon the ground that the claim was barred by section 191, Revised Statutes 1909, as amended in 1911.

It is urged that the evidence adduced sufficed merely to make the question respecting the bar of the statute an issue to be determined by the jury. But we cannot assent to this. The facts that came into plaintiff's case, in the manner above shown, left no issue of fact to be determined respecting the matter. It only remained for the court to interpret the provisions of the special Statute of Limitations and

apply the same to the undisputed facts. It is true that some of the facts thus developed need not have been shown by plaintiff to make out a prima-facie case; but they were shown—plaintiff's counsel proceeding, it seems, upon the theory that plaintiff's claim would be contested only on the ground that notice thereof had not been given the executor in due time and that counsel had agreed as to the facts. The subsequent statements of plaintiff's counsel—viz: ''I will withdraw our admission;'' ''We aren't admitting anything now''—did not have the effect of effacing the record that had then been made. Nor was plaintiff's case prejudiced by the course which its counsel pursued; for if defendant's position be correct, it is clear that plaintiff could not have escaped the bar of the statute invoked.

In this connection, it is argued, that no proof was adduced tending to show that the St. Louis Times is a newspaper published in the city of St. Louis; and it is said that neither the trial court nor this court can take judicial notice of that fact. But plaintiff itself produced and put in evidence the affidavit of publication, as showing the due publication of the notice to creditors; and the point now sought to be raised was in no manner suggested below. It is unnecessary, therefore, to here give the matter any further consideration.

We come then to the controlling question in the case, viz., whether the one-year period of limitation began to run from the date of the issuance of the letters to the defendant executor, or from the date of the last insertion of his publication of notice to creditors. In considering this question we must have regard to the precise language of the sections of the statute involved. Section 191, Revised Statutes 1909, as amended March 13, 1911 (Laws 1911, p. 81), is as follows:

''Section 191. All demands not thus exhibited in one year shall be forever barred, saving to infants,

persons of unsound mind or imprisoned, and married women one year after the removal of their disability, *and said one year shall begin to run from the date of the letters where notice shall be published within ten days after letters are granted, and in all other cases said one year shall begin to run from the date of the last insertion of the publication of the notice."* (Italics ours.)

The notice to creditors, published, as above stated, was drawn in precise conformity to section 82, Revised Statutes 1909, as amended March 13, 1911 (Laws 1911, p. 79), which is as follows:

"Section 82. Within ten days after letters are granted the executor or administrator shall publish in some newspaper published in the county where letters of administration have been granted, and if no paper is published in such county, then in a paper published in any other county in the State nearest to the county where such letters of administration have been granted for three weeks, a notice that letters testamentary or of administration have been granted to him, stating the date, and requiring all persons having claims against the estate to exhibit them for allowance to the executor or administrator within six months after the date of letters, or they may be precluded from any benefit of such estate; and that if such claims be not exhibited within one year from the date of the last insertion of such publication, they shall be forever barred."

From a reading of section 191, supra, as amended, it quite clearly appears that the lawmakers therein stated with certainty and precision the date from which the one year period of limitation shall begin to run in each of the two instances mentioned; that is to say, that if the notice to creditors be published within ten days after the granting of letters, then the one year shall begin to run from the date of such letters; but that if such notice be not published within ten days from the granting of the letters, then the one year

period shall begin to run from the date of the last insertion of the publication of the notice. In the case before us the notice was published within ten days from the date of the issuance of the letters. Therefore, under section 191, as amended, the one-year statute began to run from the date of the granting of the letters to the defendant executor; unless it be that section 82, as amended, which prescribes the form of the notice to creditors, is to be taken as controlling the matter, and as having the effect of prescribing that the one year period shall in every instance begin to run from the date of the last insertion of the publication of notice to creditors, despite the provisions of section 191, as amended, to the contrary; or unless it be that an executor or administrator who publishes notice to creditors in conformity with section 82, as amended, stating that if claims "be not exhibited within one year from the date of the last insertion of this publication, they shall be forever barred," is bound by such notice, though the publication was begun within ten days from the issuance of the letters, and despite the specific provision of section 191, as amended, applicable where the publication is so begun.

We regard it as clear that section 191, as amended, which is the limitation statute, must control the matter in hand. Its provisions are explicit and clear; and there appears to be no room for the contention that it is to be regarded as altered or modified by section 82, as amended, which merely provides the form that the notice to creditors shall take. Nor, in view of the provisions of section 191, as amended, do we think that an executor or administrator who publishes notice to creditors in the form prescribed by section 82, as amended, though such publication is begun within ten days from the issuance of letters, is bound thereby, in the sense that, in behalf of the estate upon which he is administering, he is precluded from asserting that claims are barred unless exhibited within one year from the granting of the letters. Section 82, as amended, pur-

ports to prescribe one general form for the notice to creditors, to be employed in all cases, regardless of the time when the publication may begin. It is unfortunate that, in enacting this section, regard was not had to the alternative provisions of section 191, supra, as amended; but it cannot be said that an executor or administrator is in any wise at fault if he follows literally the terms of the statute providing precisely what his notice shall contain; nor that the estate upon which he is administering must on that account lose the benefit of the provisions of section 191, as amended, when the publication is begun within ten days from the issuance of the letters. It is said by plaintiff's learned counsel that this view ascribes to the Legislature the intention of providing for a notice, in cases such as that before us, which is false and misleading (if not fraudulent) on its face. It is true, as said, that the lawmakers, in prescribing the form of notice, unfortunately failed to reckon with the fact that the limitation section (sectio 191, as amended) distinctly provides that the time when the period of limitation shall begin to run shall depend upon whether the publication of the notice is begun within ten days of the granting of the letters or otherwise. But it is pertinent to here inquire whether a claimant is entitled to rely solely upon the form of notice published by the executor. We think that he must be held to a knowledge of all of the statutory provisions to be reckoned with in the premises, that section 191, as amended, prescribes with certainty the time when the one year shall begin to run in each of the instances therein mentioned, and that the publication of the notice in the form prescribed by section 82, as amended, is apparently made necessary, in every case, by the terms of that section.

There is nothing to suggest that plaintiff did in fact rely upon the form of the notice published, and was thereby misled; but we do not mean to say that evidence tending to show this would in any wise alter the situation, or would be competent evidence in the case.

An argument is advanced by appellant, predicated upon the wording of section 195, Revised Statues 1909, as amended in 1911 (Laws 1911, p. 82).　This section need not be here quoted.　A scrutiny of it discloses that the language employed, referring to section 191, supra, tends to support, rather than to militate against, the views expressed above.

In support of appellant's contention, that the period of limitation here began to run from the date of the last insertion of the publication, and not from the date of the granting of the letters, we are referred to the opinion of this court by BAKEWELL, J., in Spaulding v. Suss, 4 Mo. App. 541.　But the language which appellant quotes therefrom (4 Mo. App. l. c. 543, 544)— having reference to section 19 of article 2, Wagner Stat., p. 86—was unnecessary to a decision in the case, and when the entire opinion is reckoned with we do not regard it as authority in support of the argument advanced by appellant.

In support of the insistence that we ought to construe the sections of the statute here under consideration so as to resolve any ambiguity in favor of the longer period of limitation, we are referred to the case of Hawkins v. Ridenhour, 13 Mo. 130.　It was there said that since the notice to creditors, in that case, was not published until thirty-one days after the date of the letters of administration, it was not a compliance with the statute which required publication within thirty days, the court adding: "As the law authorizing it has a tendency to destroy rights, we shall require a strict compliance with its provisions." We perceive nothing in this to sustain appellant's position.　And in view of the clear and explicit provisions of section 191, as amended in 1911, prescribing with certainty that, under circumstances such as are here present with respect to the publication of the notice, the one year period of limitation shall begin to run from the date of the issuance of the letters, there ap-

196 M. A.—13

pears to be no room for a construction of the statute in favor of a longer period of limitation.

Other authorities cited in the briefs need not be discussed. For the reasons indicated, we are of the opinion that the one-year period of limitation began to run against plaintiff's claim on the date of the granting of the letters testamentary to the defendant executor. [In this connection see Wilkinson v. Thom, 194 Mo. App. 173, 185 S. W. 552.] And as the claim was not lawfully exhibited to the executor within such period, we must hold that it was barred, and that, under the circumstances of the case, it was proper to give the peremptory instruction, on this ground, at the close of plaintiff's case.

It follows that the judgment below should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Thompson, J.,* concur.