**BILBY, Adm'r, v. HART-PARR CO.**

No. 14437—Opinion Filed May 13, 1924.

(Syllabus.)

1. **Executors and Administrators—Presentation of Claims—Pending Actions.**

By the provisions of sections 1242 and 1244, Comp. Stat. 1921, no holder of any

claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator, and if an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator, for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentation required.

### 2. Same—Necessity for Reviving Action.

Where an action on a claim arising upon contract is pending against a decedent at the time of his death, and such claim is not presented to the executor or administrator for allowance or rejection, and the action is not revived against the executor or administrator within the period limited by statute for the presentation of such claim, no recovery can be had in the action.

Error from District Court, Rogers County; C. W. Mason, Judge.

Action by Hart-Parr Company, a corporation, as plaintiff, against N .V. Bilby, administrator of the estate of John S. Bilby, deceased. Judgment for plaintiff, and defendant brings error. Reversed.

Robson & Bayless, for plaintiff in error.

Jennings, Hall & Battenfield, for defendant in error.

NICHOLSON, J. This was an action by Hart-Parr Company, against J. S. Bilby, originally brought to recover the sum of $5,100, as the purchase price of two tractors. After various dilatory pleas had been filed by the defendant, the plaintiff filed an amended petition, by which it abandoned its claim for the purchase price of said tractors, and sought to recover the sum of $1,428.56, as damages for breach of the contract of purchase. To this amended petition, the defendant filed a demurrer, and upon this being overruled, filed a motion to strike certain portions of the amended petition. This motion was overruled, and the defendant given time to answer. The record does not contain an answer filed by the defendant, but does contain a motion to make the answer and cross-petition more definite and certain. This would indicate that the case-made is incomplete. After this motion had been filed, the defendant died, and the cause was revived in the name of and against N. V. Bilby, administrator of the estate of J. S. Bilby, deceased.

The administrator filed a general demurrer to the petition, which demurrer was overruled; thereupon an answer was filed. Afterwards the defendant filed an amended answer by which he abandoned the defense pleaded in the original answer, and pleaded as a defense that J. S. Bilby died on the 26th day of November, 1919; that N. V. Bilby was duly appointed administrator of the estate of J. S. Bilby, deceased; that on the 15th day of December, 1919, notice to creditors was given as required by law, and that the time for filing claims against said estate had expired, and that no claim for the indebtedness sued for had ever been filed with said administrator, or any person authorized to accept such claims, and prayed that the plaintiff take nothing.

The case was tried on an agreed statement of facts, the portion thereof necessary to here consider being as follows:

"That thereafter and on November 26, 1919, J. S. Bilby died and on December 1, 1919, N. V. Bilby was duly appointed by the county court of Rogers county, state of Oklahoma, as the administrator of the estate of J. S. Bilby, deceased, and duly qualified as such and has ever since and is now the duly appointed, qualified and acting administrator of the estate of J. S. Bilby, deceased, and that as such administrator the said N. V. Bilby caused notice to creditors to be posted and published as required by law, and that the time for filing claims against the estate of J. S. Bilby, deceased, expired on the 18th day of April, 1920; that the plaintiff, Hart-Parr Co., a corporation, never filed any claim against said estate with said administrator, as required by law; that on the 27th day of December, 1919, the plaintiffs filed their motion and application for revival of this suit as against the administrator, N. V. Bilby, and that on the 5th day of May, 1920, an order was entered by this court reviving said action as against the administrator, N. V. Bilby; that on the 15th day of May, 1921, the said N. V. Bilby, as such administrator of the estate of J. S. Bilby, deceased, filed his answer, and on the 26th day of November, 1921, these plaintiffs filed their reply to said answer."

Judgment was rendered for the plaintiff for the sum of $389.41, from which the defendant has appealed.

The only question presented is, whether or not the failure of the plaintiff to present the claim made the basis of the action to the administrator for allowance or rejection precludes a recovery.

By the provisions of section 1232, Comp. Stat. 1921, it is made the duty of every executor or administrator, immediately after his appointment, to give notice to the creditors of the decedent, requiring all persons having claims against said decedent to present

the same, with the necessary vouchers, to such executor or administrator, within four months from the date of said notice; and by section 1234 thereof it is provided that if a claim arising upon contract be not presented within the time allowed in the notice, it is barred forever, with certain exceptions, none of which exist here.

Sections 1242 and 1244, Comp. Stat. 1921, read as follows:

"1242. No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator."

"1244. If an action is pending against the decedent at time of his death, the plaintiff must in like manner present his claim to the executor or administrator, for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentation required."

The claim made the basis of this action arose upon contract, and by the provisions of section 1244, supra, no recovery could be had unless proof was made of the presentation required, hence the plaintiff was not entitled to recover unless the facts show such a substantial compliance with the statutory provision as brings the case within the rule announced in Coleman v. Bowles, 72 Oklahoma, 181 Pac. 304, wherein it was held that the purpose of the statute is substantially complied with when the case has been revived in the name of the administrator who files an answer denying liability on grounds other than the failure to present the claim, and cross-petition, asking for affirmative relief against the plaintiff, within the time allowed for presenting claims.

In the case at bar, the time within which claims might be presented against the estate of J. S. Bilby expired on the 18th day of April, 1920. The order reviving the action against the administrator was not made until May 5, 1920; on May 13, 1921, the defendant filed answer in which liability was denied on grounds other than the failure to present the claim; on November 18, 1921, the defendant filed an amended answer in which he pleaded as a defense that no claim for the indebtedness sued for had ever been presented to him. These facts do not bring the case within the rule announced in Coleman v. Bowles, supra, for here the case was not revived until after the expiration of the time within which the claim might have been presented, and no answer was filed for more than a year thereafter.

It is the universal rule in those jurisdictions without a statutory provision similar to section 1244, supra, that the revivor must be had within the period limited by statute for presentation, in order to prevent the claim becoming barred. Malone, Adm'r, v. Hundley, 52 Ala. 147; State Bank v. Tucker, 15 Ark. 39; First National Bank of Denver v. Hotchkiss (Colo.) 114 Pac. 319; Hensley v. Pankau's Estate, 121 Mo. App. 695, 97 S. W. 645; 24 C. J. 321; Romero v. Hopewell (N. M.) 210 Pac. 231. And this was the holding in Coleman v. Bowles, supra.

Section 1244, supra, is plain, and precludes a recovery unless the claim is presented as therein required. In jurisdictions having like statutory provisions, it has been quite generally held that the presentation of a claim is a condition precedent to any recovery. Frazier v. Murphy (Cal.) 65 Pac 326; Hart v. Bjerke (S. D.) 149 N. W. 423; City of Spokane v. Castello, 57 Wash. 183. 106 Pac. 764; 23 C. J. 321.

In the instant case the claim was not presented to the administrator and the action was not revived within the period limited by statute for the presentation of such claim; therefore, the statute precludes a recovery, and the court erred in entering judgment for the plaintiff.

The judgment is reversed.

JOHNSON, C. J., and McNEILL, HARRISON, and BRANSON, JJ., concur.