## EDDINS VS. GRADDY.

DELIVERY BOND JUDGMENTS: *Liens on what and how classified, etc.*
A delivery bond judgment is a lien on the land of the obligors in the county, from the time of the forfeiture, and may be revived by *scire facias*, and is to be classified in the third class of claims against a decedent's estate.

ADMINISTRATION: *When claim need not be presented for allowance.*
After judgment of revival, no presentation of it to the administrator for allowance is necessary; the service of the *scire facias* is a presentment, and the judgment of revival an allowance against the estate.

STATUTE OF LIMITATIONS: *Suspended during the rebellion.*
All statutes of limitations were suspended during the late civil war.

APPEAL from *Desha* Circuit Court.
Hon. M. L. STEPHENSON, Circuit Judge.
*J. P. Clayton* and *Engles & English*, for appellant.

COMPTON, Sp. J. On the 8th day of June, 1860, Alva H.

Eddins recovered judgment in the Desha circuit court against George Q. Graddy for $5,192.16, with costs; on which judgment execution was issued and levied on the personal property of Graddy, who, with one Blackburn as surety, executed a delivery bond. On the 26th day of November, 1860, the delivery bond was returned forfeited and the execution unsatisfied, the result of all which was a statutory delivery bond judgment. On the 16th day of May, 1864, George Q. Graddy died; and on the 29th day of November, 1865, letters of administration on his estate were granted to Mary B. Graddy. On the 9th day of June, 1866, Eddins sued out a *scire facias* to revive the delivery bond judgment, which was duly served on the administratrix, and at the return term of the writ, October, 1866, the judgment was regularly revived and the lien thereof continued. Afterward, on the 3d day of December, 1866, a transcript of said judgment was presented to the probate court by the attorney of Eddins, and classed by the court in the third class of claims against the estate of the said George Q. Graddy. On the petition of William H. Graddy, another creditor of the estate, the order of the probate court placing the claim of Eddins in the third class was moved into the circuit court on *certiorari*, and quashed; from which judgment of quashal Eddins appealed to this court.

That a delivery bond judgment is a lien on the land of the obligors in the county, from the time of the forfeiture, and may be revived by *scire facias*, was decided in *Biscoe v. Sandefur*, 14 Ark., 569; and that all judgments recovered against a deceased person, in his lifetime, and which were capable of being liens on real property, whether he had any or not, belong to the third class of claims against his estate, was decided in *Tucker, Rec'r v. Yell, Adm'r*, 25 Ark., 420.

And although more than three years — the period of the statute bar as to judgment liens — elapsed from the date of

the delivery bond judgment to the death of Graddy; yet, according to the recent decision of this court in *Metropolitan National Bank of New York City v. Gordon*, all statutes of limitation were suspended during the late civil war; and consequently, the judgment lien in the case at bar existed at the time Graddy died, and was continued in force by the proceeding on *scire facias* against the administratrix.

It is objected, however, that after the judgment was revived, there was no presentation of it to the administrator for allowance against the estate. None was necessary. The service of the *scire facias* was a presentment of the claim, and the judgment of revival was an allowance of it against the estate; in such case, the law requires the administrator to make return of the claim to the probate court (*Clark, Adm'x, v. Shelton*, 16 Ark., 479), and if he fail to do so, the claimant may, without further notice to the administrator, present the claim to the court for classification, as was done in this case.

According to the view we have taken, the claim of the appellant was properly classed, and the court below erred in questioning the record of the probate court; for which error the judgment is reversed and the cause remanded, with instructions to affirm the order of the probate court, classifying the claim of the appellant.

STEPHENSON, J., being disqualified, did not sit in this case.