## COLEMAN v. BOWLES.

No. 9109—Opinion Filed May 13, 1919.

(181 Pac. 304.)

(Syllabus.)

**Executors and Administrators—Presentation of Claims—Statute.**

Under section 6348, Rev. Laws 1910, providing that when an action is pending against a decedent at the time of his death the plaintiff must present his claim to the executor or administrator for allowance or rejection, properly authenticated, and that no recovery shall be had in the action unless proof be made of the presentation required, held, that the purpose of the statute is substantially complied with where the case has been revived in the name of the administrator who files an answer denying liability on grounds other than failure to present claim, and cross-petition, asking for affirm-

ative relief against the plaintiff within the time allowed for presenting claims.

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Action by R. P. Bowles against W. D. Coleman, revived in the name of Ella L. Coleman, his adminstratrix. Judgment for plaintiff on review of testimony before referee, and defendant brings error. Affirmed.

Utterback & McDonald and Porter Newman, for plaintiff in error.

Hayes & McIntosh and H. H. Loden, for defendant in error.

PITCHFORD, J. The defendant in error commenced this action in the district court of Bryan county on the 5th of November, 1914, against W. D. Coleman for an accounting. The parties will be designated as they appeared in the court below. The plaintiff and defendant had been engaged in a partnership business of buying, selling, leasing and handling real estate in Bryan county since the 5th of May, 1911, up to September, 1913, at which time by mutual consent the partnership was dissolved, but at that time no settlement was had between the parties. The business had been conducted in the name of the defendant, W. D. Coleman, who it is alleged had received all the moneys and profits pertaining to the business, had appropriated same to his own use, and denied the right of the plaintiff to participate in any portion of the profits so received. The plaintiff in the petition asked that the defendant be required to account and settle said partnership business, and to produce in court an itemized statement of the amount paid out and expended in operating the partnership and all other matters necessary to determine the exact status of the business. The plaintiff prayed for judgment against the defendant in the sum of $1,500, and for any balance that might be found due the plaintiff from the defendant.

After filing the action, and before the cause came on for trial, the defendant died. No answer had been filed prior to the death of defendant, which occurred in December, 1914. In June, 1915, the cause was revived in the name of Ella L. Coleman, as administratrix. July 8, 1915, defendant administratrix filed a motion to require the plaintiff to make his petition more definite and certain, which motion was sustained. On October 14, 1915, the plaintiff filed amended petition, being practically the same as the original petition; the only difference being as to a fuller description of certain lands mentioned in

the original. On the 18th of October thereafter defendant filed her answer and cross-petition, in which she specifically denied that plaintiff was entitled to judgment for any sum against her. In her cross-petition she alleged that the plaintiff was indebted to the defendant in a large sum and prayed judgment against the plaintiff for $2,030.53. When the cause came on for trial the same was referred by the court to Robert Crockett, Esq., for hearing, to take testimony and report his findings of fact, conclusions of law, and his recommendations thereon. The referee proceeded to take testimony in the cause over the objection of the defendant, the defendant objecting on the ground that the plaintiff had failed to present his claim to her as administratrix, and, having failed to present the claim, he was not entitled to recover. The objection was overruled, the referee proceeded to take testimony in the case, and later on filed his report. The court, after examining the report and reviewing the testimony, found in favor of the plaintiff in the sum of $304.40. The defendant appeals.

While there are several assignments of error alleged, they may be treated under one general statement:

"That the defendant objected to the introduction of any testimony on the ground that it was first necessary for the plaintiff to prove that his claim had been presented to and filed with the administratrix of the estate of W. D. Coleman, deceased."

Our statutes relative to presentation of claims against a decedent are found in the Revised Laws of 1910 under sections 6336, 6338, 6339, and 6348, which are as follows:

"Sec. 6336. Every executor or administrator must, immediately after his appointment, give notice to the creditors of the decedent, requiring all persons having claims against said decedent to present the same, with the necessary vouchers, to such executor or administrator, at the place of his residence or business, to be specified in the notice, within four months from the date of said notice: such notice must be posted up in three public places in the county, one of which shall be at the courthouse where the county court is held, and published in some newspaper printed in said county for two consecutive weeks. Such notice shall be substantially in the following form:

"All persons having claims against A. B., deceased, are required to present the same with the necessary vouchers, to the undersigned administrator at_____within four months of the date hereof, or the same will be forever barred.

"Dated_____, 19__ A. B. Administrator."

"Sec. 6338. If a claim arising upon a contract heretofore made be not presented within the time limited in the notice, it is barred forever, except as follows: If it be not then due, or if it be contingent, it may be presented within one month after it becomes due or absolute; if it be made to appear by the affidavit of the claimant, to the satisfaction of the executor or administrator and the judge of the county court, that the claimant had no notice as provided in this article, by reason of being out of the state, it may be presented at any time before a decree of distribution is entered: a claim for a deficienecy remaining unpaid after a sale of property of the estate mortgaged or pledged must be presented within one month after such deficiency is ascertained. All claims arising upon contracts hereafter made, whether the same be due, not due or contingent, must be presented within the time limited in the notice; and any claim not so presented is barred forever: Provided, however, that when it is made to appear by the affidavit of the claimant, as above provided, that he had no notice by reason of being out of the state, it may be presented as therein provided: Provided, further, that nothing in this section, nor in this chapter contained, shall be construed to prohibit the right or limit the time of foreclosure of mortgages upon real property of decedents, but every such mortgage may be foreclosed within the time and in the mode prescribed in civil procedure, except that no balance of the debt secured by such mortgage remaining unpaid after foreclosure shall be a claim against the estate, unless such debt was presented as required by this Code.

"Sec. 6339. Every claim which is due when presented to the administrator must be supported by the affidavit of the claimant or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the claimant or affiant. If the claim be not due when presented, or be contingent, the particulars of such claim must be stated. When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by claimant. The executor or administrator may also require satisfactory vouchers or proofs to be produced in support of the claim. If the estate is insolvent, no greater rate of interest shall be allowed upon any claim, after the first publication of notice to creditors, than is allowed by law on judgment obtained in the district court."

"Sec. 6348. If an action is pending against the decedent at time of his death, the plaintiff must in like manner present his claim to the executor or administrator, for allowance or rejection, authenticated as required in other cases: and no receovery shall be had in the action unless proof be made of the presentation required."

There is nothing in the answer filed by the defendant denying that the claim had been presented by the plaintiff. There was no issue upon this point raised by the pleadings, either by answer, demurrer, or motion, or by any kind of proceeding, until the plaintiff sought to introduce his evidence. There was nothing to indicate prior thereto that the defendant was relying upon this failure on the part of the plaintiff as a defense. It was probably considered by the defendant that it was unnecessary to raise the question until the plaintiff offered to introduce evidence.

As we have seen, under section 6338, supra, no recovery could be had in the action unless proof be made of the presentation required. The statute seems to be plain, and ordinarily there would be no question but that the plaintiff would be required to make this proof before being entitled to a recovery. However that may be, it is not necessary for us at this time to decide this question, or as to whether or not the claim herein was of the kind that would come within the provisions of the statute. This, as we have seen, is an action commenced in the lifetime of W. D. Coleman for an accounting. The plaintiff was seeking the production of the books of the partnership into court for the purpose of having the court ascertain the amount due from the defendant to the plaintiff. The allegation of the petition was that the defendant, W. D. Coleman, had kept the books, had collected the rents and the profits, and had refused to account to the plaintiff for his interest in the partnership. The very nature of the action clearly demonstrates that the plaintiff could not consistently make the affidavit required in presenting the claim to the administratrix. In making the affidavit he would be required to swear that no payments had been made on the claim which were not credited thereon, and that there were no offsets to the same. The petition shows he was groping, as it were, in the dark; he sought for light by having the books of the partnership brought into court that the same might be inspected. The object of this action was to ascertain from the books and papers of the partnership what sum or sums were due plaintiff, if any. The petition itself discloses that, when plaintiff asks for judgment for $1,500, the amount named is purely conjectural. While we do not hold that a claim of the kind herein involved is not within the provisions of the statute, we are, however, constrained to remark we are unable to understand how the plaintiff could subscribe to the affidavit required. In the case of Jones v. Woodward,

50 Okla. 704, 151 Pac. 586, decided by this court, it was held that an action on account of fraud of an intestate is not one arising on contract, and that a claim therefor need not be presented to the administrator before bringing suit. As we observed, it is not necessary to decide this point, as in our judgment the defendant is not in position to claim any relief on account of the failure of plaintiff to present his claim to the administratrix.

There is nothing appearing from the evidence to show that the defendant ever gave notice to creditors as required by the statute to present claims, and immediately upon the cause being revived in the name of the administratrix she filed a motion to have the petition made more definite and certain, which was sustained by the court, whereupon defendant filed her answer denying any indebtedness whatever to plaintiff, but on the contrary, claiming that the plaintiff was indebted to her intestate in a large sum. We are of the opinion that, when the defendant filed her answer in which she denied the indebtedness, she thereby made it unnecessary for the plaintiff to file his claim, especially when there is no evidence that the notice to creditors had ever been given, and in view of the further fact that the plaintiff at no time made this an issue until the plaintiff offered testimony, we are loath to believe that the statute contemplated an act on the part of the plaintiff which would have been futile under the circumstances, for the reason that the attention of the administratrix could not have been brought more forcibly to a knowledge of the existence of the claim than by having the action revived in her name, and immediately thereafter filing the answer denying the claim of the plaintiff. If the court's attention had been called to the point now relied upon by the defendant for reversal before answering, we presume it would have correctly decided upon the proper course that should have been thereafter followed, but when the answer is filed denying the indebtedness, it is made plain that it would have been useless to have presented the claim, as it is shown by the answer that the claim could not and would not have been allowed if presented.

The sections above quoted were evidently intended as a condition precedent to fix the liability of the administrator for costs in the event action should be brought, and until the claim had been properly verified, presented, and rejected, the administrator would not be held liable for the costs of the action. The great majority of claims against an estate are in most instances settled without the necessity of bringing action. In the instant case an answer had not been filed prior to the death of the deceased. Had an answer been filed before the action was revived in the name of the administratrix, and she had then demanded that no further action be taken until the plaintiff had filed the claim for allowance. she would be in better position to insist upon this contention and also asking affirmative relief, and all her rights could have been saved by a timely objection, but when she filed her answer denying the liability, and by her cross-petition sought affirmative relief against the plaintiff, and no issue being raised on the ground that the claim had not been presented, the court did not commit error in overruling her objections to the introduction of evidence on the part of the plaintiff. The case of Frazier v. Murphy et al., 122 Cal. 91, 65 Pac. 326, cited by defendant, is in keeping with the foregoing statement. In that case the defendant died pending the suit, but an answer had been filed prior to his death. His executors were made parties defendants, and, as we understand the case, objected to the introduction of any evidence or further proceedings in the case on the ground that the claim had not been presented for allowance or rejection. The case of Steen v. Hendy, (Cal.) 40 Pac. 21, cited by defendant was in many respects similar to the case at bar. There the defendant died after the institution of the suit. His death was suggested, and it was ordered that the case be continued in the names of the executors At the first session after his death defendants objected to further proceedings with the trial or the taking of further testimony in the case upon the ground that the claim had not been presented for allowance to the executors of the deceased. It was there held that proof of the presentation of the claim was not a fact essential to the validity of a judgment where no issue had been made upon that question.

There is a long line of decisions holding that, where the plaintiff, after the death of the defendant, pending the suit and within the time limited for the presentation of claims, obtains an order reviving the cause in the name of the administrator, and making the administrator a party to the suit, this order is equivalent to and dispenses with the actual presentation of the claim. By it every purpose and object of a strict compliance with the terms of the statute were obtained, especially where the answer is filed by the administrator denying the claim

of plaintiff and by cross-petition asking for judgment against plaintiff for a large sum. Malone v. Hundley, 52 Ala. 147; Eddins v. Graddy, 28 Ark. 500; 18 C. J. 453.

We are of the opinion that the judgment of the lower court should be affirmed; and it is so ordered.

All the Justices concur, except Justices SHARP and HARRISON, not participating.