Argued September 22; affirmed September 29; rehearing denied
November 2, 1942

# LAUX *v.* WOODWORTH
(129 P. (2d) 290)

Before KELLY, Chief Justice, and BAILEY, LUSK,
RAND, ROSSMAN and BRAND, Associate Justices.

*J. LeRoy Smith,* of Portland, for appellant.
No appearance for respondent.

RAND, J. This is an appeal by the plaintiff from
a judgment on the pleadings. She brought this action
to recover damages from the defendant whom she had
employed as an attorney to prosecute an appeal to

the supreme court of Washington from a judgment rendered against her in an action brought by her in one of the superior courts of that state, which appeal was lost, she alleges in her complaint, by reason of the neglect and misconduct of the defendant. The action there brought was to recover damages for false imprisonment.

The pleadings before the court at the time the judgment appealed from herein was rendered consisted of a third amended complaint, the answer and the reply thereto. The judgment appealed from here was rendered after a jury had been called to try the case and immediately after the plaintiff had herself made the opening statement in the case. What statements or admissions, if any, the plaintiff herself made at that time are not disclosed by the record.

In this action, the plaintiff seeks to recover as damages the sum of $7,500, which is the same amount she sought to recover in the trial had in the Washington court. In substance, the third amended complaint alleges that plaintiff was arrested and imprisoned in the city jail of Seattle by certain persons who were named as defendants in the trial had in the Washington court, and that said action upon their part was malicious and without probable cause; that, in an action brought by her in the Washington court, judgment was entered in favor of said defendants and that she employed the defendant herein to represent her upon an appeal from that judgment to the supreme court of Washington; that she paid the costs of said appeal and for the preparation of what she refers to as the statement of facts. The third amended complaint then alleges:

"That defendant negligently * * * failed and refused to deliver such Statement of Facts to,

or to have prepared and filed the same with, the Clerk of the Superior Court aforesaid, within the said 90 days or at all; but claimed to her he had duly filed said statement, and did, thereafter, in January, 1936, nearly 6 months after said judgment of the said Superior Court was entered, have prepared, served and filed a pretended Statement of Facts * * *, without plaintiff's knowledge and without allowing plaintiff to examine the same, long after the said statutory time of 90 days had expired; without any effort on defendant's part being made to extend the time in which to file and duly submit a proper Statement of Facts in said appeal * * *;".

Then follows an allegation that, by reason of defendant's said failure, the supreme court of Washington refused to consider or pass upon the question of general damages upon said appeal, and that, but for defendant's negligence, "plaintiff could or would have obtained a result upon said appeal more favorable to her than she did;" and that this failure upon defendant's part was a proximate cause of her failure to obtain a more favorable result on said appeal, to her damage in the sum of $7,500. These allegations were denied by the answer, attached to which was an exhibit which the answer alleges was a true copy of the facts found and conclusions of law made and entered in the superior court upon the trial of the cause from which the plaintiff attempted to appeal to the supreme court of Washington.

There is no allegation in the complaint of any statute of the state of Washington or of any rule of the courts of that state which require the filing by plaintiff of any statement of facts upon an appeal taken from a judgment of a superior court to the supreme court of the state of Washington. When the allegations of

the complaint are considered, it will be seen that they are merely allegations of the conclusions of the pleader as to the necessity of the filing of said statement of facts and as to the cause of her losing the appeal, and are not allegations of sufficient facts to entitle the plaintiff to recover in this action.

■ Under our statute (sections 2-503 to 2-507, inclusive, O. C. L. A.), the courts of this state are bound to take judicial notice of the statutes of the state of Washington, but by section 2-506, "to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, notice in writing shall be given to the adverse parties not less than five days before trial". No statute of Washington was pleaded and no notice was given as provided by the last section referred to. Hence, while the law is well settled that a client who has suffered damage as the result of his attorney's negligence or misconduct may recover therefor in an action at law (see 7 C. J. S., p. 994, and authorities there cited), the allegations of this complaint were not sufficient to state a cause of action in favor of the plaintiff and against the defendant herein.

For these reasons, the judgment appealed from is affirmed.