BARTON et al. v. HARMON.

No. 35229.    July 8, 1952.

Rehearing Denied Oct. 7, 1952.

Concurring Opinion Oct. 7, 1952.

*248 P. 2d 601.*

Charles A. Moon, Muskogee (Kay Wilson, Jr., Muskogee, of counsel, on brief), for plaintiffs in error.

A. L. Brook, Muskogee (Pierce & Pierce, Muskogee, and Arnote & Arnote, McAlester, on brief), for defendant in error.

BINGAMAN, J.  This is a second appeal in an action brought by Basheba Harmon against Lillian Ruby Barton et al., as executors of the last will of G. Lange, deceased, and Muskogee Yellow Cab Company, for damages for personal injuries suffered by the plaintiff while riding in a taxicab.  The first appeal is reported in 203 Okla. 274, 221 P. 2d 656. On that appeal we affirmed the judgment of the district court awarding plaintiff a judgment of $6,000 against Muskogee Yellow Cab Company, but reversed and remanded the judgment as to the executors of the estate of G. Lange, deceased, for the reason that the city ordinances relied upon in the action had not been proved.

The liability of the executors of the estate of G. Lange, deceased, who was the principal owner of Muskogee Yellow Cab Company, arose from the fact that Lange, in order to meet the requirements of a city ordinance, had executed a bond for $5,000 as provided in the ordinance, to indemnify anyone injured in the operations of the Muskogee Yellow Cab Company up to that amount. Upon the remanding of the case to the district court as to the executors, plaintiff filed a supplemental petition seeking a money judgment against the executors and the foreclosure of a mortgage executed by Lange as security for a bond. Upon the trial of the case the city ordinances were put in evidence, and the trial court rendered judgment in favor of plaintiff in the sum of $4,540.70, being the $5,000 penalty of the bond, less a certain payment which the court found had been made to plaintiff, and directed the foreclosure of the mortgage and the sale of the mortgaged property to satisfy the judgment. The executors appeal.

It is first contended that by the terms of the applicable statute, under which the city ordinance of the city of Muskogee relied by plaintiff and pursuant to which the bond was made was enacted, the city could only require a bond executed by a surety company as surety, and that the statute, by expressly authorizing the requiring of such a bond by the city as a prerequisite to the use of automobiles for carriage of passengers in a city, negatived the right of the city to require any other or different bond. In support of this contention defendants cite In re Lankford, 72 Okla. 40, 178 P. 673; Grantham v. City of Chickasha, 156 Okla. 56, 9 P. 2d 747; Worley, Mayor, v. French, 184 Okla. 116, 85 P. 2d 296, and other cases holding that the power of a city to pass legislation is only such as granted by the law-making powers of the state and that unless expressly granted authority by the statute such powers as those exercised by the city of Muskogee in the passage of the aforesaid ordinance may not be exercised.

The statute, 47 O.S. 1941 §221, reads as follows:

"Any person, firm or corporation may use automobiles or auto-busses for the carrying of passengers for hire within any city of this state subject to the provisions hereinafter contained and reasonable regulation and control by the legislative authority of the city in which said business is conducted, which regulation may include the requiring of a policy of insurance or bond executed by a surety corporation authorized to do business in this State, as surety, covering liability in case of each automobile or auto-buss, the requiring of a definite schedule showing the route to be traversed and the time of all trips to be made, and which regulation may prohibit the carrying of passengers outside of said automobile or auto-busses and may include any other requirement reasonable in its nature."

It is to be noted that the statute does not in express terms prohibit the city from requiring any bond except a surety bond, but apparently grants them the power to require the surety bond regardless of the fact that the applicant is financially solvent or that he can give a personal bond with sureties amply responsible. It implies the power upon the city to require a bond, and empowers them, if they deem it for the best interest of the public, to require such bond to be made by a surety corporation. It also gives to the city the right to provide reasonable regulations and control of the business of the use of automobiles or auto-busses for the carrying of passengers.

In City of Tulsa v. Thomas, 89 Okla. 188, 214 P. 1070, we said:

"In view of the exercise of the supreme legislative body of this state in giving a statutory right to conduct the jitney business on the public highways, we believe that the municipal legislative bodies are limited to the provisions of that act, and could only

be permitted to exercise reasonable regulation and control for the preservation of public safety as authorized by the statute."

We are unable to agree with defendants that the giving of a personal bond secured by mortgage on real estate, is prohibited by sec. 221, supra, or that it is not a reasonable regulation of the business of the taxicab company in the interest of public safety which is authorized by said sec. 221.

What we have said above disposes of the contentions that the ordinance being void, the bond and mortgage were also void, and the further contention that liability was created by the terms of the ordinance and that the power exercised being beyond the power of the city, the bond was void and unenforcible.

In their second proposition or contention defendants make numerous claims which upon examination we find are wholly untenable. Thus they claim that no proof was made that the defendants were executors of the estate of G. Lange, deceased, and that no proof was made that the ordinance in question had been published. But, in our opinion on the first appeal, we pointed out that in their answer to the amended petition of plaintiff the defendants admitted that they were the executors of the estate of Lange, and also pointed out that the language of the bond "said ordinances are in full force and effect" sufficiently established the publication thereof.

It is also contended that plaintiff did not prove any sum to be due her. But, her evidence showed that the judgment against the cab company had not been paid, and the judgment of the trial court being for less than the penalty of the bond, proof that the claim against the cab company was unpaid was sufficient to support the judgment. It is also contended that no claim was presented to the executors by plaintiff. But, where the case involves the foreclosure of a mortgage, presentation of

such claim is unnecessary. Jones v. Hill, 167 Okla. 552, 31 P. 2d 145. Furthermore, since the defendants in their answer denied all liability, the presentation of the claim, while the suit was pending, would have been futile and unnecessary. Coleman v. Bowles, 72 Okla. 313, 181 P. 304.

Affirmed.

HALLEY, V. C. J., and WELCH, DAVISON, and JOHNSON, JJ., concur.

GIBSON, J. (concurring specially). I concur in the conclusion and result reached in the majority opinion but not in the reasoning employed in reaching the conclusion that the judgment should be affirmed.

On the face of the bond and the city ordinances under which it was written this was not a public liability bond to indemnify a member of the public injured in the operation of taxicabs in Muskogee. On its face the city ordinance required a bond to indemnify the owner of the taxicabs, Muskogee Yellow Cab Company, against liability for injury to persons or property arising through the operation of taxicabs by the owner. We have drawn a distinction between a contract of indemnity against liability for damages and a contract of indemnity against damages. Graves v. Harrington, 177 Okla. 448, 60 P. 2d 622.

Ordinance 1538 of the City of Muskogee provides, in part:

"Indemnity To Be Provided. It shall be unlawful to operate a taxicab, or permit the same to be operated, * * * unless and until such owner deposits a liability bond in the sum of $5,000.00 acceptable to and approved by the City Manager and City Attorney, which bond shall indemnify the owner in the sum of not less than Five Thousand ($5000.00) Dollars for injury to persons, * * * through the operation of the taxicabs by the owner or driver thereof. * * * Such bond shall cover each and every vehicle operated by the indemnified owner or operator * * *."

Permission of any person or corporation to use automobiles for carrying

passengers for hire is found in Tit. 47 O.S. 1941 §221, and such permission is subject to other statutory provisions, and "reasonable regulation and control by the legislative authority of the city in which said business is conducted, which regulation may include the requiring of a policy of insurance or bond executed by a surety corporation authorized to do business in this State, as surety, covering liability in case of each automobile * * * and may include any other requirement reasonable in its nature."

In its adoption of Ordinance 1538 it is apparent that the city intended to provide some sort of public liability insurance covering the operation of taxicabs, but the ordinance is indefinite and confusing in its language, resulting in permitting the giving of an indemnity bond and not a public liability bond.

Defendant says that under the statute the city had authority only to require a bond signed by a surety company and since the ordinance permitted the giving of a bond with a personal surety and permitted the securing of the same with a real estate mortgage the ordinance is void, and the given bond and real estate mortgage given in security are without consideration and void. I do not agree. The statute provides that the city "may" require a bond executed by a corporate security, and that it may make other requirements reasonable in nature. While a corporate surety bond is ordinarily deemed admirable security, I see nothing in the statute to prevent the city, in its reasonable discretion, from providing for a bond which might prove to be less secure in quality. Premiums charged by a surety for hire are sometimes burdensome and might prevent the owner of a small taxicab service from compliance and thus deprive the city of taxicab service.

The powers which a municipal corporation possesses are limited to those powers which by the Act under which they are created and by their charter are expressly granted and those impliedly granted and necessarily incident to the power expressly granted. Worley, Mayor, v. French, 184 Okla. 116, 85 P. 2d 296. It cannot be said that the ordinance is void merely because it did not require the maximum security permitted (not absolutely required) by the statute.

Under the permissive wording of the statute the city might have permitted the operation of taxicabs, within its corporate limits, without requiring any bond. In the exercise of its reasonable discretion it elected to permit the giving of a bond with a personal surety and not a corporate surety.

But if we were to accept defendant's contention that the statute required a bond with a corporate surety it would not follow that the given bond was void. In Ewing v. Boad of Commissioners etc., 53 Okla. 250, 156 P. 229, this court considered a case where the statute contained a mandatory requirement that before authorizing a bank to become a depository for county funds the county commissioners should require the bank to furnish a bond of some surety company, authorized to do business within the state, to secure such deposit, or in lieu thereof certain other specified collateral security. The bank furnished none of the specified security but furnished a bond signed by the bank with personal sureties. This court held "that although the bond was not a surety company's bond, but a bond signed by sureties, and for that reason falls short of the statutory requirement, the same is valid as a common-law bond." The bank received all benefits intended in the transaction and neither it nor its sureties were permitted to repudiate their obligations by reason of their own failure to fully comply with the statutory requirements.

The condition recited in the bond given in the instant case was:

"Now, Therefore, if the said Principal and Surety herein shall in all things fully and completely comply with

all of the requirements and provisions of said Ordinance * * * and shall fully pay, satisfy and discharge the claim or claims and judgments of any and all persons, firms, partnerships or corporations, as required by the terms, provisions and conditions of said Ordinances * * * the Principal and Surety herein shall be fully released and discharged from any and all liability hereunder; otherwise, this Bond shall remain in full force and effect * * *."

The cab company and its surety received its permit to operate and all other benefits and considerations sought or intended by the parties in the giving of the bond. Whether or not the bond was in the form intended under the statute they cannot now repudiate their obligation on the ground of their own failure to comply with the provisions of the statute. Under the bond the principal and surety agreed to pay judgments rendered. Such a judgment was rendered against the principal by reason of its negligence in the operation of its taxicabs, and affirmed by this court in 203 Okla. 274, 221 P. 2d 656. Foreclosure of the given collateral is incidental to the relief to which plaintiffs are entitled under the terms of the bond obligations.

It is for these reasons that I would affirm the judgment, but not on the theory of the majority opinion.