Russell D. ALLRED, Appellant,

v.

Bob RABON and Lon Kile, Appellees.

No. 49601.

Supreme Court of Oklahoma.

Nov. 8, 1977.

Rehearing Denied Jan. 11, 1978.

Miskovsky, Sullivan & Miskovsky, by Thomas W. Sullivan, Oklahoma City, for appellant.

John R. Couch, Gary M. Chubbuck, Pierce, Couch, Hendrickson & Short, Oklahoma City, for appellees.

LAVENDER, Vice Chief Justice:

Appellant (plaintiff) is seeking damages from the two appellees (attorneys) for legal malpractice. This litigation had its roots in an action filed by these attorneys on behalf of plaintiff herein, to recover damages for the breach of an employment contract. While the petition was pending, the defendant therein died. Attorneys allegedly revived[1] the suit against the executrix but

---

1. See *Palmer v. Belford,* Okl., 527 P.2d 589 (1974) reference repeal of Oklahoma's revivor statutes.

failed to file a claim with her as required by 58 O.S.1961, § 343 then in effect.[2] Later, attorneys filed an amended petition on behalf of plaintiff which included two new causes of action, one sounding in tort, the other for an accounting. Executrix's demurrer to the amended petition was overruled.

The executrix then answered with a general denial and contested the jurisdiction of the court in that plaintiff did not make a written demand against the estate during the two month notice to creditors.[3] The suit was voluntarily dismissed in 1973, without prejudice, before it was heard.

Subsequently, plaintiff filed the present action against his attorneys for malpractice, claiming their failure to file a claim with the executrix had barred his contract action forever. Plaintiff further alleged attorneys fraudulently attempted to conceal their error by filing the amended petition and by advising him to dismiss the case because he had no hope of prevailing. He sought actual damages for their negligence plus exemplary damages for fraud in concealing that negligence.

Attorneys demurred to the petition on the grounds it (1) did not state a cause of action, and (2) that it was barred by the statute of limitations. If correct, either ground is sufficient. The trial court sustained the demurrer and dismissed the suit. Plaintiff appeals.

As to the sufficiency of the petition and whether it states a cause of action, the negligence, complained of by the plaintiff, consists of attorneys' failure to present the claim within two months of date of first publication of notice to creditors. Each party goes to great lengths in his brief to convince us of the law as to whether or not

such necessity exists, but we do not find it necessary to decide this issue.

*Coleman v. Bowles,* 72 Okl. 313, 181 P. 304 (1919) held the purpose of the statute requiring a claim to be filed with the estate in this type of circumstances is substantially complied with where the case has been revived against the executrix who files an answer denying liability on other grounds. *Cleage v. Jackson,* 200 Okl. 375, 194 P.2d 843 (1948) distinguished *Bowles,* which was action for a partnership accounting, and held 58 O.S.1941, § 343 was mandatory; revivor was not recognized as a substitute for this statutory method. *Barton v. Harmon,* 207 Okl. 197, 248 P.2d 601 (1952) held where case involves a mortgage foreclosure, presentation of a claim would be futile and unnecessary. All of these cases were decided prior to the legislature's repeal of the revivor statutes.[4]

The law at the time of dismissal was not clear as to the necessity of filing a claim against the estate in a case such as this, particularly where an amended petition was filed based on a tort, or on an equitable action such as an accounting.[5]

This situation is not the same as the negligence of an attorney in allowing a statute of limitations to run against his client's cause of action before he institutes a suit that has been entrusted to him.[6] Here, the suit was filed but was dismissed by the plaintiff before the trial court had acted. We do not speculate as to what the trial court might have ruled, or what this court would hold in the event an appeal was taken.

Plaintiff's allegation that his contract suit was forever barred is a conclusion of

2. 58 O.S.1961 § 343 provided:

§ 343. "Action pending at death. If an action is pending against the decedent at time of his death, the plaintiff must in like manner present his claim to the executor or administrator, for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentation required." This was repealed Session Laws 1972 Ch. 28 § 1. See in this connection 12 O.S.1971, § 1080 et seq.

3. See 58 O.S.1961, §§ 331, 333, 341.

4. See n.1, supra.

5. See *Gottsch v. Ireland,* Okl., 358 P.2d 1097 (1961); *Pfleider v. Smith,* Okl., 370 P.2d 17 (1962).

6. See Annotation at 45 A.L.R.2d 5 and cases cited therein in Sec. 6(a).

law of the pleader as to the necessity of filing a claim against the estate. This alone is not an allegation of sufficient facts to entitle plaintiff to recover.[7]

In *Collins v. Wanner*, Okl., 382 P.2d 105 (1963) this court held "(a)n attorney who acts in good faith and in an honest belief that his advice and acts are well founded and in the best interest of his client is not answerable for a mere error of judgment or for a mistake in a point of law which has not been settled by the court of last resort in his State and on which reasonable doubt may be entertained by well-informed lawyers." Because the point of law upon which defendant attorneys reached possibly an erroneous conclusion was unsettled at the time the conclusion was made, attorneys could not be held liable for such error, if any, in judgment.

■ The opinion in *Collins* quoted 5 Am. Jur. "Attorney at Law" § 139, p. 342 setting forth facts plaintiff must prove to sustain an action against an attorney for negligence. The plaintiff must prove: A breach of duty, the existence of the relationship of attorney and client between himself and the defendant, and the facts constituting the alleged negligence; that the negligence was proximate cause of an injury and must demonstrate that but for the negligence complained of the client would have succeeded in his action. All these elements must be properly pleaded to withstand attorneys' demurrer. Plaintiff did not plead sufficient facts to show a breach of duty in support of his allegations of negligence.

■ Plaintiff did not plead a separate cause of action based on fraud. That would require an element of reliance and injury suffered thereby.[8] Here, injury was allegedly caused by the failure to file a proper claim with the executrix of the estate. The allegation of fraud, in concealing that alleged breach of duty, was used to seek exemplary damages.[9] "In Oklahoma, as in most jurisdictions, an action for punitive damages alone will not be entertained, because such has been held not to constitute a separate cause of action. * * * Also, punitive damages cannot be awarded in the absence of actual or nominal damages. (Footnotes omitted)." May, Jr., Symposium on the Oklahoma Law of Damages, General Principles, Punitive Damages, 6 Okl.L.Rev. 293, 297. Having held there was no cause of action stated in the petition as to actual damages, the recovery for exemplary damages must also fail.

With the petition insufficient to state a cause of action so as to sustain the demurrer and subsequent dismissal, we need not reach the statute of limitation issue in this appeal.

Affirmed.

HODGES, C. J., and DAVISON, IRWIN, BERRY and SIMMS, JJ., concur.

WILLIAMS, BARNES and DOOLIN, JJ., dissent.

DOOLIN, Justice, dissenting:

The majority opinion succinctly analyses the law; but it fails in its application. It requires, as did ancient applications for writs at common law, a specific allegation or magic phrase to withstand an attack by demurrer. In my opinion, the majority overlooks the thrust and the result of defendants' alleged concealment. Plaintiff's petition "cries out" that plaintiff dismissed his amended complaint on the advice of defendants. What stronger claim of reliance can there be than "spitting out the ear lobe?" Cases are legion that require a liberal construction of pleadings in the face of a demurrer.

The petition did not state a cause of action as to negligence but it did state a cause of action for fraud. Thus the demurrer should not have been sustained.

I dissent.

---

7. *Laux v. Woodworth*, 169 Or. 528, 129 P.2d 290 (1942).

8. *Ramsey v. Fowler*, Okl., 308 P.2d 654 (1957).

9. 23 O.S.1961, Sec. 9.