Erik C. ERWIN, Appellant,

v.

Phil FRAZIER, Appellee.

No. 67880.

Supreme Court of Oklahoma.

June 13, 1989.

Rehearing Denied Feb. 13, 1990.

Jerry Melone, John M. Schroeder, Tulsa, for appellant.

Stephen C. Wilkerson, Tulsa, for appellee.

SUMMERS, Justice.

Plaintiff Erwin appeals from the trial court's order granting summary judgment to the defendant in this action for attorney malpractice. The Court of Appeals affirmed the trial court's order, and we have granted certiorari. Because we find that the presence of material fact issues precludes summary judgment in this case we vacate the opinion of the Court of Appeals, reverse the order of the trial court, and remand for further proceedings below.

In 1983, Plaintiff Erwin retained attorney/Defendant Frazier to represent him in a divorce action. The divorce settlement included a $25,000 cash payment to the ex-wife, which payment was to be made following the sale of certain real property. The divorce court received and approved the settlement, and defendant Frazier prepared the decree.

Shortly after defendant filed the divorce decree the property was sold. The parties disputed the method of distribution of the sale proceeds. Erwin contends that the $25,000 was to be distributed to his ex-wife, and that the remainder was to be divided equally between them. He further contends that Frazier represented to him that the ex-wife's lump sum was to come "off the top". At a post-decree hearing, however, the divorce court ruled that proceeds from the sale would be divided, and that Erwin would *then* pay the $25,000 from his share of the proceeds.

Erwin sued, alleging that the defendant negligently prepared the decree to reflect something other than the agreement between the divorcing parties, and that defendant's negligence proximately caused his financial injury in the sum of $12,500. The trial court sustained the defendant's motion for summary judgment. Erwin appeals.

The defendant claims here, as he did below, that no fact controversy exists, and that plaintiff failed to prove facts sufficient to satisfy our previous ruling in *Allred v. Rabon*, 572 P.2d 979 (Okla.1977). We disagree.

District Court Rule thirteen provides for summary judgments which function as a vehicle for the prompt administration of justice and to further the efficiency of the court system. *Flick v. Crouch*, 434 P.2d 256, 262 (Okla.1967). We recognize, however, that "summary judgment must not be allowed to deprive a litigant of a jury trial of disputed issues of fact." *Flanders v. Crane Co.*, 693 P.2d 602, 605 (Okla.1984).

In *Flanders*, we reviewed Oklahoma law regarding summary judgment, particularly as it applies in negligence cases.

"Oklahoma procedural law dictates that summary judgment is appropriate only when it appears that there is no substantial controversy as to any material fact and that one of the parties is entitled to judgment as a matter of law. 12 O.S. 1983, Ch.2, App.Dist.Ct. r. 13(d). The purpose of this provision is to avoid unnecessary jury trials, *Flick v. Crouch*, 434 P.2d 256, 262 (Okla.1967), by allowing the trial court to look beyond the pleadings to various evidentiary materials in order to determine whether there is any issue of fact which must be submitted to a jury. Since the trial court's role is limited to merely determining whether there are any such issues of fact, there can be no trial of fact issues on a motion for summary judgment. The court may not weigh the evidence. *Stuckey v. Young Exploration Co.*, 586 P.2d 726, 730 (Okla.1978). Additionally, in order for a court to find that there is no substantial controversy as to any material fact raised by the issues, it must appear not only that there is no dispute as to such facts themselves, but also that reasonable people exercising fair and impartial judgment could not reach differing conclusions upon the undisputed facts. *Northrip v. Montgomery Ward and Co.*, 529 P.2d 489, 493 (Okla.1974). Furthermore, all inferences and conclusions to be drawn from the undisputed facts must be viewed in the light most favorable to the party opposing the motion. *Northrip, supra*, at 496, 497. As these considerations strongly suggest, summary judgments are not favored,

*Love v. Harvey*, 448 P.2d 456, 462 (Okla. 1968); and, they should be granted only where it is 'perfectly clear' that there are no issues of material fact in a case, *Northrip, supra*, at 497. Indeed, even when a judge believes that a directed verdict will be necessary, he or she should ordinarily allow the evidence to be heard and then direct a verdict rather than grant summary judgment. *Northrip, supra*. This reluctance should be even more pronounced in negligence cases because negligence is so much a question of fact which varies from one situation to another. See *Prickett v. Sulzberger & Sons Co.*, 157 P. 356, 357 (Okla.1916); *Smith v. American Flyers, Inc.*, 540 P.2d 1212, 1214 (Okla.App.1975) ... Under Oklahoma law, questions concerning negligence, contributory negligence and assumption of the risks are for the trier of fact." *Flanders, supra* at 605, 606.

■ In measuring the present case against these standards, we first examine the defendant's claims on summary judgment. He contends initially that no fact issues exist which justify a trial. In support of this claim, the defendant argues that the Court at the post decree hearing ruled that all parties understood the decree and agreement. We disagree. The court, though finding that the terms of the decree clearly required payment of the $25,000 after division of the sale proceeds, stated from the bench:

"It is not up to me to determine whether that was the agreement of the parties prior to going in and taking the decree or not." (Tr. P.152).

In response to the defendant's motion, Erwin admits that his ex-wife was to receive a $25,000 cash settlement, which was to come from proceeds of the sale of certain realty. He responds by affidavit, however, that the attorney represented to him that the cash payment would come "off the top" of the sale proceeds, and argues that the defendant drafted the divorce decree contrary to his understanding of the settlement agreement, and thus there are issues of controverted fact upon which reasonable minds might differ.

Additionally, two letters submitted by the plaintiff in reponse to defendant's motion for summary judgment clearly controvert defendant's presentation of facts. A September, 1983 letter from the ex-wife's attorney to defendant Frazier discusses the sale of realty and payment of the ex-wife's share which she brought into the marriage "off the top", with the balance of any net proceeds to be divided equally between the divorcing parties. During the dispute following the sale of the realty, Frazier wrote in May, 1984 to the ex-wife's attorney that he drafted the decree working from the September, 1983 letter above referred to, and that the understanding was that the ex-wife would receive her money "off the top" with the balance being divided equally.

Erwin further presents the divorce decree, and the divorce court's ruling to rebut the defendant's contention that the decree clearly represents the payment method. The decree states that the subject property shall be sold, and that the proceeds shall be divided, after expenses, on a net basis between the divorcing parties. It further recites that the ex-wife shall receive the $25,000 cash settlement "at the time of the sale of the Birmingham house." In rendering his post-decree decision in favor of the wife, the judge specified that he was not determining whether the decree represented the agreement of the parties before the decree was entered, as previously quoted above.

The facts upon which the plaintiff premises his negligence theory are controverted. He clearly understood that the decree would require a $25,000 cash settlement, but alleges that his attorney's representations to him and preparation of the decree failed to conform to the actual agreement, and that he suffered damage as a result of his attorney's actions. Because of the controverted facts, this matter cannot be resolved on summary judgment.

■ Defendant further argues that summary judgment is required because plaintiff failed to prove

"a breach of duty, the existence of the relationship of attorney and client be-

tween himself and the defendant, and the facts constituting the alleged negligence; that the negligence was the proximate cause of an injury and ... that but for the negligence complained of the client would have succeeded in his action." *Allred v. Rabon, supra* at 981.

While *Allred,* a case testing the sufficiency of a demurrer to the petition, correctly states the elements of attorney negligence, its application to this matter is premature since the case has not yet reached the trial stage. In addition, it was decided prior to adoption of the Oklahoma Pleading Code.

We deal here with the petition and subsequent motion for summary judgment. Examination of the petition reveals that it satisfies the requirements of the Oklahoma Pleading Code which demand that a pleading contain:

1. A short and plain statement of the claim showing that the pleader is entitled to relief; and

2. A demand for judgment for the relief to which he deems himself entitled ... 12 O.S.Supp.1984 § 2008(A).

In his petition, the plaintiff alleges that he retained defendant to represent him in a divorce action, that the attorney negligently prepared the decree of divorce, that he was thereby damaged, and demands judgment in the amount of his damages. These allegations satisfy the notice pleading requirements under Oklahoma law, but in no way alter the burden of proof to be placed upon the plaintiff at trial, which burden includes all the elements recited above in *Allred,* supra.

■ Finally, the defendant argues theories of res judicata and estoppel by judgment. He claims that because the divorce court decided the method of property settlement, this decision constituted an issue decided in prior litigation which now conclusively determines the issue presently before us.

The doctrine of res judicata, or claim preclusion, operates to bar relitigation by the parties or their privies of issues which were or could have been litigated in an action which resulted in a final judgment on the merits. *Allen v. McCurry,* 449 U.S.

90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Veiser v. Armstrong,* 688 P.2d 796, 800 n. 9 (Okla.1984); see also, *Restatement (Second) of Judgments* sec. 74 (1982). In other words, "where the cause of action in the second suit is the same as that in the first suit, a final judgment in the first suit on the merits is a complete bar to the maintenance of the second ..." *Bruce v. Miller,* 360 P.2d 508, 511 (Okla.1961). The differing causes of action, one arising from a divorce, the present one sounding in negligence, as well as the difference in parties clearly illustrate the impropriety of applying the doctrine of res judicata to these proceedings.

■ The defendant alternately argues estoppel by judgment, also known as collateral estoppel or issue preclusion. "Its application requires that there exist an identity of parties and subject-matter. When invoked, the doctrine calls for a determination that the tendered issue was adjudicated in some prior case in which it was essential to its outcome." *Oklahomans for Life, Inc. v. State Fair of Oklahoma,* 634 P.2d 704, 707 (Okla.1981); see also *Restatement (Second) on Judgments* sec. 74 (1982). Re-examination of the facts previously outlined demonstrates the inapplicability of this doctrine to the present case. The very facts in controversy which render summary judgment inappropriate operate to preclude estoppel by judgment. The precise issue which the trial judge in the post-decree divorce proceeding declined to address, whether the decree represented the prior agreement between the parties, forms the basis for Erwin's negligence complaint here. That court necessarily limited its decision to the construction of the language of the earlier decree. It was concerned with conforming its decision to the decree of property settlement previously pronounced. The parties' prior agreement was not an issue in that courts' construction of the decree, whereas in the present negligence suit the parties' prior agreement, and the attorney's alleged failure to conform the written decree to that agreement, are very much in issue. Since the fact issues here were neither decided

by nor necessary to the divorce court's judgment, the defendant cannot successfully argue issue preclusion thereunder.

The facts are controverted. Further, reasonable minds might differ in interpretation of the facts. The facts before us when viewed in the light most favorable to the plaintiff entitle him to a trial. We therefore vacate the Court of Appeals opinion, reverse the trial court's order granting summary judgment for the defendant, and remand the matter for further proceedings.

OPALA, V.C.J., and LAVENDER, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

HARGRAVE, C.J., and HODGES and SIMMS, JJ., dissent.