947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ray SARABIAN, Plaintiff-Appellant,
v.
Gene STIPE; Clyde Kirk; Stipe, Gossett, Stipe, Harper,
Estes, McCune & Parks, a partnership consisting of Gene
Stipe; Richard L. Gossett; Clyde Stipe; Eddie Harper;
John B. Estes; Robert K. McCune; Michael D. Parks,
Defendants-Appellees.
 No. 90-6377.
 United States Court of Appeals, Tenth Circuit.
 Oct. 24, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this diversity case plaintiff Ray Sarabian sued his lawyer and the lawyer's firm for breach of contract and legal malpractice. In the underlying action, plaintiff sued the University of Oklahoma and staff members because of the way they handled plaintiff's pursuit of a doctorate degree in petroleum engineering at that university. Plaintiff asserts that Gene Stipe had, for a retainer of $5,000 and a contingency in the recovery, agreed to institute and pursue a state court action for breach of contract and violation of plaintiff's due process rights. A state court action was commenced, but stayed, pending proceedings involving the due process issues that were determined ultimately by this court against plaintiff. The state court proceeding was then terminated by a grant of summary judgment against plaintiff which was affirmed by the appellate courts in Oklahoma.
 
 
 3
 In his suit against Stipe and the law firm, plaintiff's principal assertion was that Stipe failed to pursue in state court a breach of contract theory based on the University's alleged promises as to how it would handle plaintiff's doctoral dissertation and plaintiff's oral defense of it. The district court below characterized plaintiff's action as one for legal malpractice, based on a contract of employment, and determined correctly that Oklahoma law regards such a suit as an action in tort. See Funnell v. Jones, 737 P.2d 105, 107 (Okla.1985), cert. denied, 484 U.S. 853 (1987). In a legal malpractice action the plaintiff must not only prove negligence, and that negligence was the proximate cause of the injury, but also that but for the negligence the client would have succeeded in his lawsuit. See Allred v. Rabon, 572 P.2d 979, 981 (Okla.1977). The negligence alleged in the instant case was defendant's failure to raise a breach of contract issue in plaintiff's state court suit against the university. In granting summary judgment, the district court stated that defendant raised the breach of contract issue
 
 
 4
 sufficiently for the state court to determine that no evidence existed upon which Plaintiff could prevail as a matter of law. Therefore, Plaintiff herein is unable as a matter of law to prove that but for Defendant's failure to urge the theory of breach of contract, Plaintiff would have succeeded in his action.[1]
 
 
 5
 Order of Sept. 5, 1990, App. 49 at 5.
 
 
 6
 We review a trial court's grant of summary judgment by searching the record to determine "whether any genuine issue of material fact pertinent to the ruling remains and, if not, whether the substantive law was correctly applied." McKibben v. Chubb, 840 F.2d 1525, 1528 (10th Cir.1988) (quoting Franks v. Nimmo, 796 F.2d 1230, 1235 (10th Cir.1986)). After examining the record we agree with the district court that the contract issue was asserted and rejected by the state courts, and that based upon the facts presented by plaintiff in defending against the motion for summary judgment, it is clear that plaintiff would not have succeeded in his action. We therefore AFFIRM the grant of summary judgment by the district court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The record clearly shows that the defendant raised the breach of contract issue in the state action. Because the negligence complained of, failure to raise the contract issue, could not as a matter of fact exist, the district court need not have addressed the causation issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (summary judgment appropriate when nonmoving party fails to provide any proof of an essential element)