955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerry PUTMAN, Lona Putman, Plaintiffs-Appellants,
v.
Mitchell D. SPERRY; Michael A. Cawley; Thompson & Cawley,
a professional corporation, Defendants-Appellees.
 No. 91-7086.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1992.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The Putmans brought this diversity action asserting that defendants committed attorney malpractice under Oklahoma law. The district court granted defendants' motion for summary judgment, concluding that the undisputed facts failed to establish the Putmans would have been successful in the litigation underlying their claim but for defendants' alleged wrongful acts. We reverse.
 
 
 3
 This suit arises out of a state foreclosure action in which defendants here represented the Putmans, who were named as defendants in the foreclosure action. The alleged malpractice occurred in connection with defendants' representation of the Putmans on a summary judgment motion in the state suit, which the Putmans lost. The Putmans, represented by new counsel, filed an untimely motion to reconsider the grant of summary judgment against them, raising various defenses to the underlying foreclosure action. The district court held a hearing on the motion to reconsider and denied it. The nub of the appeal before us is the ground upon which this denial was based.
 
 
 4
 Under Oklahoma law, a plaintiff alleging attorney malpractice "must demonstrate that but for the negligence complained of the client would have succeeded in his action." Allred v. Rabon, 572 P.2d 979, 981 (Okla.1977). Thus, if the state court considered and rejected the merits of the Putmans' defenses to the foreclosure action in denying their motion to reconsider, the Putmans cannot make the requisite showing that those defenses would have been successful against the earlier summary judgment motion but for defendants' alleged negligence. The Putmans argue that the district court denied their motion to reconsider because it was out of time, while defendants contend that the court's decision was based on its consideration of the merits.
 
 
 5
 Upon review of the record, we conclude that even if the state court took a quick look at the merits of the Putmans' defenses, the court made the untimeliness of the motion to reconsider a factor in its consideration. The court unambiguously gave weight to this procedural default and therefore did not consider the merits as it would have done had the motion been timely. Under these circumstances, we cannot say as a matter of law that the Putmans could not show that their defenses would have prevailed had they been properly presented.
 
 
 6
 The district court in the instant case granted defendants' motion for summary judgment upon concluding that the state court had ruled fully on the merits of the Putmans' defenses to the state suit in denying the motion to reconsider. Because we conclude to the contrary, we reverse and remand for further proceedings.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3