CHRYSLER CREDIT CORPORATION,
Appellant,

v.

FERGUSON PONTIAC–GMC,
INC., Appellee,

and

Wilkerson Acquisitions, Inc., d/b/a Tink Wilkerson, Inc.; DBW Acquisitions, Inc., d/b/a Tink Wilkerson, Inc. II; D.B. Wilkerson, Jr.; Sue Wilkerson; Dealers Auto Auction of Oklahoma City, Inc.; North Bank, N.A.; Security National Bank, Sapulpa, Oklahoma; West Star Bank, Bartlesville, Oklahoma; Bank of Oklahoma, N.A., Tulsa, Oklahoma; Citizens State Bank, Okemah, Oklahoma; Wilkerson–Chevrolet, Inc., Metro Motors, Inc.; 1801 Investment Corporation; L.R.M., Inc.; Larry Menser; David G. Davies; Susan Wilkerson Davies; Joyce DuBois; James F. Consedine, II; Deborah Wilkerson Consedine; Pete Ricards; and Auto Trade Center, Defendants,

and

General Electric Capital Auto Auction, Inc., d/b/a Denver Auto Auction and San Antonio Auto Auction; Florida Auto Auction of Orlando, Inc., a Delaware corporation; Citizens Bank, a Branch of American National Bank of Bristow, Sapulpa, Oklahoma; and Transamerica Automotive Finance Corporation, Additional Defendants/Intervenors.

No. 77658.

Court of Appeals of Oklahoma, Division No. 1.

March 9, 1993.

Rehearing Denied April 27, 1993.

Terry W. Tippens, Eric S. Eissenstat, Rebecca J. Sherwood, and Elizabeth Riley Castleberry, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, for appellant.

Richard B. Talley, Talley, Perrine & Smith, Norman, for appellee.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

Appellant Chrysler Credit Corporation (Chrysler) appeals a trial court summary adjudication order determining it had no interest in the proceeds of eleven vehicles sold by Appellee Ferguson Pontiac–GMC, Inc. (Ferguson) after Ferguson recovered possession of the vehicles from its original vendees, Defendants Wilkerson Acquisitions d/b/a Tink Wilkerson, Inc. and DBW Acquisitions d/b/a Tink Wilkerson, Inc. II (Wilkersons). Chrysler claimed it had a security interest in those vehicles. Because we agree the trial court erred in concluding Chrysler had no interest in the vehicles, we reverse and remand for further proceedings.

## FACTS AND TRIAL COURT PROCEEDINGS [1]

Wilkersons gave Chrysler a security interest in their property and inventory, including any after-acquired property, in January, 1988. Financing statements were filed February 1, 1988. On July 14, 1989, Wilkersons received eleven Pontiac automobiles from Appellee (Ferguson). Ferguson sent Wilkersons facsimile copies of signed and notarized manufacturer's statements of origin for the cars to reflect the dealer-to dealer assignment. Ferguson placed the signed and notarized original documents with outgoing mail.

After obtaining copies of the manufacturer's statements of origin for the eleven cars, Chrysler advanced Wilkersons $157,-945.09 on July 17, 1989 and Wilkersons executed a security agreement in favor of Chrysler listing the eleven cars as collateral. That same day, Wilkersons gave Ferguson business checks to pay for the eleven cars.

On July 18, 1989 Wilkersons' checks were returned unpaid to Ferguson's bank. Ferguson retrieved the original manufac-turer's statements of origin from its outgoing mail and at some time after July 14, 1989 the notarized transfers to Wilkersons were crossed out. Wilkersons returned the cars to Ferguson on July 22, 1989 and they have since been sold.

Chrysler filed an action alleging Wilkersons had breached a master credit agreement and other security agreements by selling vehicles "out of trust", that is, selling collateral and failing to remit proceeds of the sales.[2] Ferguson filed a motion for summary judgment, arguing Wilkersons never had an interest in the eleven cars to which Chrysler's security interest could attach. Ferguson noted that for Chrysler's interest in these cars to have attached, Wilkersons must have had possession of them, Chrysler must have given value, and Wilkersons must have had a right in the collateral. 12A O.S.1991 § 9–203.

Ferguson claimed Chrysler failed on the last factor because until Ferguson was paid, the sale to Wilkersons was conditional, citing 12A O.S.1991 § 2–507(2), and *Holiday Rambler Corp. v. First Nat. Bank and Trust*, 723 F.2d 1449 (10th Cir.1983), which applied Kansas law. Ferguson argued that under § 2–507(2) Wilkersons had no right to the collateral while the sale was conditional, and when Wilkersons' checks were returned unpaid, it could reclaim the cars.

Chrysler filed a counter motion for summary judgment, arguing the reclamation right set forth in § 2–507(2) is a remedy as between the seller and purchaser, but is irrelevant because Wilkersons *had* acquired sufficient rights in the cars for Chrysler's security interest to attach, citing 12A O.S.1991 § 2–403. Chrysler claims its interest as a secured creditor is superior to Ferguson's reclamation remedy, citing *Kennett–Murray & Co. v. Pawnee Nat. Bank*, 598 P.2d 274 (Okla.App.1979).

The trial court agreed with Ferguson's analysis, concluded Wilkersons "did not

---

1. In reviewing a summary adjudication order, we must consider the evidentiary materials presented to the trial court in the light most favorable to the appealing party. Our recitation of the facts considers the record in that light.

2. Because the collateral has been sold, Chrysler seeks the proceeds of sale as a secured creditor under 12A O.S.1991 § 9–306, rather than possession of the eleven cars.

have sufficient rights in the collateral, consisting of the eleven automobiles, in order for Chrysler's security interest to attach," and granted summary judgment in favor of Ferguson.[3]

## ANALYSIS

 Section 2–403(1) clearly contemplates the situation presented by these parties when it provides that "[a] person with voidable title has power to transfer a good title to a good faith purchaser for value" even when goods have been delivered "in exchange for a check which is later dishonored." A secured party, including a secured party whose perfected interest arises from an after-acquired property clause, may qualify as a good faith purchaser for value and have priority over an unpaid seller, *Kennett–Murray*, 598 P.2d at 277–278.

 Under *Kennett–Murray* and § 2–403, we must conclude Wilkersons had a right in these cars to which Chrysler's security interest attached, and if Chrysler was a "good faith" purchaser, its interest is superior to the reclamation right of an unpaid seller. *Holiday Rambler* does not persuade us a different result is justified because there was no timely exercise of the reclamation right by the seller in that case, and the Tenth Circuit's comment concerning the unpaid seller/secured creditor issue, made without analysis or reference to § 2–403, was dicta.

 However, our inquiry does not end here. Clearly, Wilkersons had a right to the eleven cars, and Chrysler's security interest attached to that right. The question is Chrysler's priority. For Chrysler's security interest to defeat Ferguson's reclamation right, Chrysler must qualify under § 2–403 as "a good faith purchaser for value." Good faith is defined in 12A O.S. 1991 § 1–201(19) as "honesty in fact in the

conduct or transaction concerned." Thus, we must review this record to determine what evidence of bad faith or good faith on the part of Chrysler was before the trial court.

Ferguson contends the evidentiary material establishes as a matter of law that Chrysler was not in good faith when it advanced funds to Wilkersons on these eleven vehicles. Ferguson did produce material from which it could be inferred that Chrysler was aware that Wilkersons were selling vehicles "out of trust" and were in financial straits. However, this inference was disputed by material produced by Chrysler. This record contains no evidence concerning Chrysler's "good faith" or lack thereof when the master credit agreement was executed in 1988.

From the evidentiary materials in this record, it is impossible to determine if Chrysler's security interest, whether arising under the master credit agreement or the 1989 security agreement, qualifies as one owned by a "good faith purchaser". The evidence on Chrysler's good faith is either conflicting or absent. Summary judgment should not be granted when reasonable minds could reach different conclusions from undisputed facts or where a material fact is in controversy. *Erwin v. Frazier*, 786 P.2d 61 (Okla.1989). Further, there should be no trial of fact issues on a motion for summary judgment. *Flanders v. Crane*, 693 P.2d 602 (Okla.1984). On this record, summary judgment for either party was inappropriate.

The trial court's judgment in favor of Ferguson is reversed. The case is remanded for further proceedings in accordance with the views expressed here.

REVERSED AND REMANDED.

GARRETT and JONES, JJ., concur.

---

**3.** The judgment in favor of Ferguson did not resolve all the issues between all the parties, but it did resolve all issues between Chrysler and Ferguson. However, the trial court made the express finding required by 12 O.S.1991 § 1006 in order for that judgment to be final and appealable.