Thurman S. HURST, Guardian ad litem, and Trustee, etc., Plaintiffs in Error,

v.

Raymond F. KRAVIS, Louis P. Myers, and National Bank of Tulsa, cotrustees, et al., Defendants in Error.

No. 38477.

Supreme Court of Oklahoma.

Dec. 16, 1958.

**316**

Hurst & Scott, Pawnee, for plaintiffs in error.

Rosenstein, Fist & Mesirow, Floyd L. Rheam, and Jay W. Whitney, Tulsa, for defendants in error.

DAVISON, Justice.

This is a suit brought by the plaintiffs, Raymond F. Kravis, Louis P. Myers, and the National Bank of Tulsa, as co-trustees, in each of six identical trust agreements for the purpose of having the District Court construe portions thereof pursuant to the Oklahoma Trust Act, Title 60 O.S.1951 § 175.23, and for reformation. The defendants were H. P. Taubman and his wife, Sophia Taubman, settlors, and their six adult children, they being the only persons beneficially interested therein, and the settlors' eleven minor grandchildren, being all the children of settlors' six adult children.

It was alleged in the petition that the minor defendants were made parties in their individual capacities and as representatives of the class of contingent beneficiaries designated in the trust instruments and that the non-resident minor defendants who could not be served with process in the state could be adequately represented by members of the class who were served with process. Eight of the minor defendants were served with process and no service was had on the three minor defendants not resident in this state. Each of the three defendants not served had a brother or sister who was served.

The six adult children and the settlors filed answers in which they joined with the plaintiffs in requesting all the relief prayed for in the petition. The settlors alleged clerical error in the preparation of that portion of the trust instruments restricting the trustees to investing in private corporate stocks and bonds of a certain rating. This rating was so restrictive and high that it was impossible to carry out this provision of the trust. Settlors joined with the plaintiffs in requesting the court to reform the instrument to provide a less restrictive rating in accordance with the orginal intention of the settlors.

In 1936 the settlors, by separate identical trust agreements, established a trust for each of their six children and the subsequent amendment and codicils thereto were in each instance identical. These trust agreements were before the court for decision as to the amendments and codicils in Hurst, Guardian ad Litem, etc. v. Taubman, Okl., 275 P.2d 877. The trustees were granted absolute power of management and control and great discretion in payment and distribution to the beneficiaries. The trust instruments provided for payments to each of the six primary beneficiaries beginning at their majority and until age 40 at which time the trust was to terminate but that the trustees could extend the trust in whole or in part and make distributions during the period of extension.

It was further provided that should the primary beneficiaries die before the termination date, leaving no children, then the other primary beneficiaries and their children should be the beneficiaries and that if the primary beneficiary died before the termination date, leaving child or children, then such children may receive such part as the trustees may determine and the remainder accumulated and held or paid to the other primary beneficiaries or their children. The children of the primary beneficiaries are contingent beneficiaries.

A guardian ad litem was appointed for the minor defendants. A motion was filed on their behalf moving the court to dismiss the petition for the reason three of the minor defendants had not been served with process in any manner. The court denied the motion and found service of process on these three defendants was not necessary. The court authorized and directed Thurman S. Hurst to represent these three defendants as members of the class of defendants represented by him as guardian ad litem and also appointed Mr. Hurst trustee for the unborn issue of the primary beneficiaries. A trial resulted in judgment in conformity with the prayer of the petition. This appeal has been perfected by Mr. Hurst as the guardian ad litem and trustee.

■ The minor contingent beneficiaries were not designated by name and were designated as a class and were not receiving any distribution from the trust and although they were parties to the action they were not necessary parties under the provisions of Title 60 O.S.1951 § 175.23, subd. C, a section of the Oklahoma Trust Act providing jurisdiction to District Courts to construe trust instruments:

> "Actions hereunder may be brought by a trustee, beneficiary, or any person affected by the administration of the trust estate. If the action is predicated upon any act or obligation of any beneficiary, such beneficiary shall be a necessary party to the proceedings. The only necessary parties to such actions shall be those persons designated by name in the instrument creating the trust, and any persons who may be actually receiving distributions from the trust estate at the time the action is filed; contingent beneficiaries designated as a class shall not be necessary parties."

As stated herein these trusts were the subject of a prior appeal to this court in Hurst, Guardian ad Litem, etc. v. Taubman, supra, in which the question of necessary parties and absence of parties was the same as in this appeal and in that case we rendered a decision adverse to the same contentions of the plaintiff in error as are now presently made.

The trial court in the instant case took cognizance of the minor children as defendants and of the contentions of plaintiff in error in their behalf and took the proper action to enable plaintiff in error to present the same to this court.

■ The plaintiff in error further objected to the judgment of the trial court construing the trust instruments to empower the trustees to perform certain acts of management, control and distribution and in reforming the trust instruments to provide a less restrictive rating for private corporate stocks and bonds. The trustees, settlors and the six adult beneficiaries requested and approved the judgment of the trial court. In view of our above expressed opinion as to the contentions of the plaintiff in error, it would serve no useful purpose to detail or discuss the facts or the judgment except to state that the judgment is sustained by the evidence and is not against the clear weight thereof.

■ This court has held that a trust may be reformed because of mistake and clerical error. Harrison v. Eaves, 191 Okl. 453, 130 P.2d 841.

■ In Dowell v. McNeill, Okl., 315 P.2d 771, we said that when a cause of equitable cognizance is tried to the court without a jury the judgment will not be disturbed on appeal unless it is clearly against the weight of the evidence.

■ In Dunnett v. First National Bank & Trust Co. of Tulsa, 184 Okl. 82, 85 P.2d 281, and Hurst, Guardian ad Litem, etc. v. Taubman, et al., supra, we stated the rules of law decisive of this situation:

> "A beneficial interest in a trust, within the meaning of the rule that a trust may be revoked by. mutual consent of the settlor and all persons beneficially interested therein, is an interest taken by purchase under the terms of the trust, and if the interest is taken by descent it is not such an interest as to

require that person's consent in order to revoke the trust.

"In construing the terms of a trust agreement the intention of the settlor of the trust should control when such intention is not in conflict with established principles of law.

"A reservation to the heirs of the settlor of trust is equivalent to the reservation of a reversion to the settlor himself."

The judgment of the trial court is affirmed.