In the Matter of the Testamentary Trust created by the Last WILL and Testament of W. T. DIMICK, Deceased.

No. 46742.

Supreme Court of Oklahoma.

Jan. 28, 1975.

James A. Kirk, Linn, Helms & Kirk, Oklahoma City, for appellants, James W. Burns and Pauline Ellendorff.

Ralph G. Thompson, Oklahoma City, and Grisham, Vandenberg, Nott & Conway by Chris R. Conway, Long Beach, Cal., for appellee, Peter P. Pepper, as Administrator of the Estate of Dorothy G. Pepper.

DAVISON, Justice:

The last will and testament of W. T. Dimick, deceased, was admitted to probate by the County Court of Oklahoma County, Oklahoma, on February 26, 1954. It created a testamentary trust for the benefit of his wife, Pauline Dimick, and for the benefit of his two daughters, Rose Burns and Dorothy G. Pepper. Insofar as pertinent herein, the will provided, in paragraphs IX and X thereof, as follows:

"IX.

"This trust shall continue for a period of ten (10) years from the date that the original corpus of the trust estate is delivered to the trustees by the executor of my estate, and at the end of said ten-year period one-half ($\frac{1}{2}$) of the corpus and undistributed income of such trust shall be divided equally between my daughters, Rose Burns and Dorothy Peppers. The trust as to the remaining half of such corpus and undistributed income shall continue until the death of my wife, Pauline Dimick, and during such continuation of the trust there shall be paid to my wife the same monthly or annual installments provided for in paragraph VIII(a), and she likewise shall be entitled to the protection afforded her by the provisions of paragraph VIII(d). At my wife's death the corpus and undivided income of that portion of the trust provided for my wife, shall be divided equally between my daughters, Rose Burns and Dorothy Peppers.

"X.

"In the event that either or both of my daughters shall predecease me, or having survived me, shall die prior to the expiration of the initial ten-year term of the trust, then I direct that the monthly or annual distributions provided for in paragraphs VII(b) and VIII(c), as the case may be, shall be paid to the living children of my deceased daughter or daughters by right of representation. If at the time of distribution, following the initial ten-year period of such trust, either or both of my daughters shall then be dead, their children surviving them shall take the share or interest of my deceased daughter or daughters, and such distribution shall be by right of representation. In like manner in the event that either or both of my daughters shall be dead at the time of the death of my wife, then the child or children of such deceased daughter or daughters of mine shall take the share or interest which my deceased daughter or daughters would have received had they survived my wife, and such grandchildren of mine shall take by right of representation.

"In the event that either of my daughters shall predecease me, or having survived me, shall die prior to the full and complete distribution of all of the corpus of the trust estate herein created, and if either of my daughters shall die without issue surviving her, then the distribution that such deceased daughter of mine would have received had she been then alive, shall be distributed to my surviving daughter, or in the event that both of my daughters shall be dead at the time of distribution, to my grandchildren then alive."

Pauline Dimick, Rose Burns and Dorothy G. Pepper survived the testator. The corpus of the trust estate was delivered to the trustees on January 2, 1957, by order of the probate court of that date, and the ten-year period prescribed in the will for the continuation of the trust for the daughters ended on January 2, 1967.

Rose Burns had died in 1961, survived by a son, James W. Burns, and a daughter, Pauline Ellendorff. It is conceded that they are entitled, under the will, to that portion of the trust estate that would have been distributable to Rose Burns if she had been living on January 2, 1967. Neither that portion (one-quarter) of the trust estate, nor the portion (one-half) thereof remaining for the benefit of Pauline Dimick, is involved in this appeal.

As of January 2, 1967, the trust estate was in debt and the trustees determined that they should not distribute any of the trust assets until the indebtedness of the trust estate had been satisfied.

Dorothy G. Pepper died, intestate, on January 26, 1973, and her husband, Peter P. Pepper, was appointed administrator of her estate.

Thereafter, on May 8, 1973, the trustees, joined by Pauline Dimick as a beneficiary of the trust, Pauline Ellendorf and James W. Burns as heirs at law of Rose Burns and as beneficiaries of the trust, and Peter P. Pepper as administrator of the estate of Dorothy G. Pepper and as an heir at law of Dorothy G. Pepper, filed a petition in the District Court of Oklahoma County, Oklahoma, seeking, insofar as is pertinent here, for instructions and authority for the trustees to distribute the half of the trust estate originally scheduled for division between the daughters, Rose Burns and Dorothy G. Peppers, at the end of the ten-year period as directed by paragraph IX of the will.

The trial court found: that on January 2, 1967, Dorothy G. Pepper acquired a vested right to the share of the corpus and undistributed income of the trust which was distributable to her on that date; that her vested interest was not divested by her subsequent death; and that the share which was distributable to her should be distributed to Peter P. Pepper as administrator of her estate. The court entered a judgment and decree accordingly.

Pauline Ellendorff and James W. Burns, surviving children of Rose Burns, de-

ceased, appeal from this judgment and decree. Appellants content the trial court should have held that this share be distributed to the lineal descendants of W. T. Dimick, which would include the appellants.

The primary question presented is whether or not, at the expiration of the ten-year period prescribed in paragraph IX of the will, Dorothy G. Pepper acquired a vested interest in her share of the half of the trust estate that was to be then divided, which was not subject to being divested by her subsequent death prior to actual distribution of that portion of the trust estate. We answer that question in the affirmative.

 In construing the terms of an instrument creating a trust, the intention of the settler of the trust should control when such intention is not in conflict with established principles of law. Hurst v. Kravis et al., Okl., 333 P.2d 314. Such intention is to be gathered from the terms of the instrument as a whole. Dunnett et al. v. First National Bank & Trust Company of Tulsa, 184 Okl. 82, 85 P.2d 281.

Neither the appellants nor the appellee cite any Oklahoma case involving similar testamentary or trust provisions and circumstances. However, the appellee calls attention to the following statements in 57 Am.Jur. 827, Wills, §§ 1250 and 1251:

"Where a will provides that if a beneficiary dies before he has 'received' his legacy or before it has been 'paid' to him, it shall go over to others, the courts exhibit a strong tendency to construe such a provision as referable to the time at which the legacy is *de jure payable*, rather than at the time the donee actually receives payment, *in the absence of a clear indication of a testatorial intention that the latter time be the operative one*. This inclination is usually attributed to the belief of the courts that a testator would not ordinarily desire a legatee's right to possess and enjoy his gift to depend upon such factors as accident, fraud, delay, inconvenience, caprice or mistake." (Emphasis supplied)

"In accordance with the inclination noted in the immediately preceding section, the courts have held, *in the absence of a clear testatorial intention that absolute vesting of a testamentary gift should depend upon an actual receipt or payment*, that the contingency involved in a limitation over upon death of the first taker before receipt or payment of the gift is referable to a death *prior to some particular future time indicated by the will for accrual of the right to payment*, such as the attainment by the original beneficiary of a designated age, the termination of a prior estate, *or the expiration of a designated number of years* after the death of the testator, and that, accordingly, if the first taker survives such time, his interest becomes absolute and the gift over fails, while if he dies prior thereto his interest is divested and the legacy passes to the beneficiary under the limitation over." (Emphasis supplied)

These statements are supported in the annotation following the A.L.R. report of the case of Re Will of Greene, 240 Wis. 452, 3 N.W.2d 704, 142 A.L.R. 129 (at pages 137 through 155).

In Will of Greene, supra, the deceased died in 1932, leaving a will; the second paragraph of which created a trust which was not to continue for "longer than five years" from testator's death, with provision for distribution to the legatees upon termination of the trust; and in the third paragraph gave the residue of his estate (including the trust property) "upon termination of the trust" to his four children, with the provision that if any child died "before his or her share shall be paid, then the issue of such child" should take his or her share. The five years ended in 1937, but claims against the estate were unpaid, and because of this and after repeated attempts by the executors the settlement of the final account was finally heard on August 30,

1941. In the meantime, on December 23, 1940, one of the sons of testator died.

The court held that the clause in the third paragraph, relative to death of a child before his share was paid to him, did not change the time of payment as contemplated and thus fixed by the second paragraph, citing authorities, including 2 Jarman, Wills, Bigelow's 6th Ed. 746, as follows:

" * * * Executory gifts over in the event of legatees dying before 'receiving' their legacies have given rise to much litigation. Actual receipt may be delayed by so many different causes that the court is unwilling to impute to the testator an intention to make that a condition of the legacy, and thus indefinitely postpone the absolute vesting of it. If, therefore, the will points out a definite time when the right to receive the legacy accrues, either expressly, as by directing payment at a particular age or time, or by implication from the dispositions of the will, as upon the determination of a prior life estate, the gift over will be referred to that time."

Of course, a different result is reached where the terms of the will, *taken as a whole, clearly* indicate a testatorial intention that the gift over shall be operative unless the first taker be living at a subsequent *definite* time. In Re Jennrich's Estate, 197 Minn. 162, 266 N.W. 461, 267 N. W. 143.

■ There remains for consideration the last sentence of paragraph X, relative to death of a daughter "prior to the full and complete distribution of all of the corpus of the trust estate herein created, * *." Distribution of "all of the corpus," under the clear language of the will would take place only upon and after the death of Pauline Dimick, surviving wife of the testator. Pauline Dimick was still living at the time of the hearing in the lower court, and we conclude that this provision does not enter into our consideration of the other applicable portions of paragraphs IX and X.

■ In view of the authorities, supra, we believe that the provisions of paragraphs IX and X, considered as a whole, disclose the testator clearly intended that one-half of the trust property should be vested in and distributed to his daughters alive at the expiration of the ten-year period, and if either be dead on that date then to her children.

Under the rules of construction hereinabove set forth, at the end of the ten-year period prescribed in the first sentence of paragraph IX of the will of W. T. Dimick, deceased, his daughter, Dorothy G. Pepper, acquired a vested interest in her portion of half of the corpus and undistributed income of the trust estate, which was not divested by her subsequent death prior to actual distribution of that portion of the trust estate.

Affirmed.

WILLIAMS, C. J., HODGES, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES and DOOLIN, JJ., concur.