1997 OK 135

**Patrick CROWELL, Appellant,**

v.

**Walter L. SHELTON; Trustee of the April 24, 1970 Revocable Inter Vivos Trust of Mildred B. Newlin, as amended June 28, 1989; and the Unknown Heirs, Executors, Administrators, Trustees, Devisees, Successors, and Assigns, Immediate and Remote of Mildred B. Newlin, deceased; and Boston Avenue Methodist Church, Tulsa, Oklahoma, Appellees.**

**No. 85680.**

Supreme Court of Oklahoma.

Nov. 4, 1997.

---

Donald W. Henson, Okmulgee, for Appellant.

T. Lane Wilson, J. Patrick Cremin, and Steven A. Broussard, Hall, Estill, Hardwick, Gable, Golden & Nelson, Tulsa, for appellee trustee.

John M. Imel, Moyers, Martin, Santee, Imel & Tetrick; and John B. Johnson, Jr.,

Johnson, Allen, Jones & Domblaser, Tulsa, for appellee Boston Avenue United Methodist Church.

HODGES, Justice.

¶ 1    The issue in this case is whether restrictions on the use of land which prohibit commercial and residential development are valid. The trial court rendered summary judgment in favor of the defendants. We find that the validity of such restrictions is dependant on facts not before this Court. Therefore, the trial court improperly found as a matter of law such restrictions valid.

## I.   Facts

¶ 2    In June of 1989, Mildred B. Newlin (Ms. Newlin) executed a revocable inter vivos trust naming herself and Walter L. Shelton (trustee) as co-trustees. The trust provided for the distribution of her property upon her death. As part of this distribution, the Boston Avenue United Methodist Church (the Church), which was not located on Ms. Newlin's property, was to receive approximately 43.9 acres including the residence with the specific restriction that the property not be used for residential or commercial development but that it be used only for religious purposes. The trust also provided that if the Church declined the gift that the property be distributed to Patrick Crowell (Crowell) "with the specific restriction that [all of] said 43.9 acres [would] never be used for residential or commercial development." The trust made no provision for the distribution of the land in the event that Crowell declined the gift.

¶ 3    Ms. Newlin died October 10, 1992, leaving Delorce Boyington, her niece, as her sole heir at law. The Church declined the gift of the land. Pursuant to the terms of the trust, the trustee conveyed the land to Crowell by a warranty deed. In accordance with the trust instrument, the deed contained the following restrictive provision: "All of said property to be subject to the restriction that the same shall never be used for residential or commercial development." Crowell accepted the deed, was aware of the restrictions, and did not object to them at the time of accepting the deed.

¶ 4    Crowell brought suit in the District Court of Tulsa County seeking to have the restrictions declared invalid. Thereafter, Crowell filed a motion for summary judgment arguing the restrictions were ambiguous and unreasonable. In the trial court, Crowell sought to introduce parol evidence of Ms. Newlin's intent that only part of the land be restricted. The Church maintained the restrictions were unambiguous, applied to the entire parcel, and were justified. The trustee argued that the material facts showed that Ms. Newlin's intent was clear from the terms of the trust, the restrictions were reasonable and applied to the entire parcel, and the property should remain subject to the restrictions. The Church and trustee (collectively appellees) moved for summary judgment in their favor.

¶ 5    The trial court found the restrictions to be clear and reasonable and granted summary judgment in favor of the appellees. The Court of Civil Appeals found the restrictions were clear, and parol evidence was inadmissible to determine Ms. Newlin's intent. The Court of Civil Appeals upheld the trial court's decision. This Court granted certiorari.

## II.   Analysis

¶ 6    Summary judgment is proper when there is no material issue of genuine fact. Okla.Stat. tit. 12, ch. 2, app., rule 13 (1991). In this case there is no genuine issue as to the intent of the testator. However, a material issue of fact exists as to whether the restrictions were reasonable.

¶ 7    In determining the effect of the language in a trust instrument, the intent of the grantor is paramount when the "intention is not in conflict with established principles of law". *In re Testamentary Trust of Dimick*, 531 P.2d 1027, 1030, 1975 OK 10. Where the language of the instrument is free from ambiguity, the resort to parol evidence is prohibited, and the intent of the grantor must be ascertained from the terms of the instrument as a whole. *Id.* In the present case, the intent of Ms. Newlin is clear from the language of the trust instrument. The language of the deed—"[a]ll of said property

[is] to be subject to the restriction that the same shall never be used for residential or commercial development"—clearly indicates Ms. Newlin did not want any part of the property to be used for residential or commercial development.

¶ 8    Although Ms. Newlin's intent to restrict the use of the land is clear, the restrictions are in conflict with the following established principle of law.  Although not favored, restrictions on "the use of real property ... will be enforced [only] where ... the restrictions are confined within reasonable bounds."  *Christ's Methodist Church v. Macklanburg*, 198 Okla. 297, 177 P.2d 1008, 1010 (1947).

¶ 9    In the present case, there is a material dispute of facts as to whether the restrictions were reasonable.  "[R]estrictions and limitations which may be put on property ... derive their validity from the right which every owner of the fee has to dispose of his estate."  *Murphey v. Gray*, 84 Ariz. 299, 327 P.2d 751, 755 (1958).  Furthermore, one who takes with notice of a restriction affecting it cannot equitably refuse to abide by that restriction.  *Frey v. Poynor*, 369 P.2d 168, 173, 1962 OK 5.  Crowell took the deed without objection and with knowledge of Ms. Newlin's intent as reflected in both the deed and her will.

¶ 10    Conversely, the right to dispose of one's estate is subject to the rule that, "[r]estrictions and prohibitions in the use of real property are not favored by law, ... and every doubt should be resolved in favor of the unencumbered use of the property."  *Public Service Co. v. Home Builders Ass'n of Realtors, Inc.*, 554 P.2d 1181, 1185–86, 1976 OK 120.  Whether the restrictions in this case are reasonable depends on several factors not presented to this Court or to the trial court.  The record does not establish such material facts as the use of the lands adjoining the property, for what purposes other than commercial and residential development the property could be used, the benefit of the restriction to an individual or the public, and other facts which indicate the reasonableness of the restriction.  Because there are material facts in dispute regarding the validity of the restrictions from residential and commercial development, summary judgment was not proper.

¶ 11    Once the material facts are established, the court must balance the facts and surrounding circumstances of Ms. Newlin's deed to determine if the restrictions are reasonable.  If the court finds the restrictions unreasonable, it must then balance the equities and decide " 'whether a lesser degree of restraint can be fashioned without impairing the public interest and causing the parties undue hardship.' "  *Bayly, Martin & Fay, Inc. v. Pickard*, 780 P.2d 1168, 1176–77, 1989 OK 122 (Opala, V.C.J., dissenting);  *see Ceresia v. Mitchell*, 242 S.W.2d 359, 364 (Ky. 1951);  *Raimonde v. Van Vlerah*, 42 Ohio St.2d 21, 325 N.E.2d 544, 547 (1975);  *Wood v. May*, 73 Wash.2d 307, 438 P.2d 587, 591 (1968).

¶ 12    On remand, the trial court is first to determine if the restrictions were reasonable by assessing evidence the use of the land in the area.  For example, if the use of the area surrounding the property is comprised of shopping centers, a commercial-development restriction is more likely to be unreasonable than if the surrounding property is made up of residences on large acreages.

¶ 13    If the trial court determines that the restrictions are reasonable, then they will be upheld.  If the trial court determines that the restrictions are unreasonable, then it must balance the equities.  In weighing the equities, the trial court may consider such evidence as Ms. Newlin's use of her property including the evidence that she only used one tract of the property as a bird sanctuary.  Although not admissible for purpose of constructing the terms of the will, one factor in weighing the equities is Ms. Newlin's intent as to the use of the property after her death.

¶ 14    In balancing the equities, the trial court may refashion the restrictions so that they are reasonable.  For example, the trial court might uphold the restrictions on one tract of land while finding that they are unreasonable as to the remaining tracts.  By considering all the circumstances, balancing the equities, and refashioning the restrictions so that they are reasonable, the court gives

effect to the deed by enforcing its reasonable terms without completely invaliding the restrictions. *Southwest Petroleum Co. v. Logan,* 180 Okla. 477, 71 P.2d 759, 765 (1937).

¶15 Crowell asserts several other arguments not raised in the trial court. In reviewing the decision of the trial court, we are limited to the record on appeal. *Frey v. Independence Fire and Casualty Co.,* 698 P.2d 17, 1985 OK 25. Like the Court of Civil Appeals, we reject Crowell's effort to raise issues not raised in the trial court and his effort to supplement the record on appeal.

¶16 We conclude, Ms. Newlin's intention was clear in restricting the use of the property from residential and commercial development. However, because there is a material issue of fact as to the validity of these restrictions, the trial court improperly granted summary judgment. The Court of Civil Appeals' decision is vacated. The trial court's opinion is reversed and the cause remanded.

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS' OPINION VACATED; TRIAL COURT'S JUDGMENT REVERSED; CAUSE REMANDED.

¶17 KAUGER, C.J., and HODGES, OPALA, ALMA WILSON and WATT, JJ., concur.

¶18 SIMMS, J., concurs in result.

¶19 SUMMERS, V.C.J., concurs in part; dissents in part.

¶20 LAVENDER and HARGRAVE, JJ., dissent.