2011 OK 93

Eleanor W. REED, Robert W. Reed, Diane Allyson Martin, and Meredith Allene Farmer, Plaintiffs/Appellants,

v.

JP MORGAN CHASE BANK, NA and Jennifer R. Hollon, Defendants/Appellees.

No. 108,044.

Supreme Court of Oklahoma.

Nov. 1, 2011.

Lawrence A.G. Johnson, Tulsa, Oklahoma, for Plaintiffs/Appellants.

Daniel R. Ketchum, Jeff M. Bonds, Newton, O'Connor, Turner & Ketchum, P.C., Tulsa, Oklahoma, for JP Morgan Chase Bank, N.A., Defendants/Appellees.

Blaine G. Frizzell, Fuller, Chlouber & Frizzell, LLP, Tulsa, Oklahoma, for Jennifer R. Hollon, Defendant/Appellee.

WINCHESTER, J.

¶1 The issue presented herein is whether or not Appellants' emergency request to modify the terms of a trust, created by the Last Will and Testament of B.B. Weatherby, is barred by the doctrine of res judicata based on a previous order providing instructions for payment of the trust's principal. We find that it is not.

## BACKGROUND

¶2 The Last Will and Testament and the sole codicil of B.B. Weatherby ("Testator") was admitted to probate on November 18, 1969, and finalized on December 19, 1973. The will established a testamentary trust ("Trust") under which Testator's only daughter, Eleanor W. Reed ("Reed"), was the primary beneficiary and co-trustee. The Trust was funded with $1,550,000 and the language of the Trust instrument authorized payment of up to half of the income, payable at least quarterly, as well as up to half of the Trust principal for the support and well-being of Reed.[1]

¶3 In 1998, Reed filed a Petition for Instructions in district court in Tulsa County, requesting the court determine what distributions were permitted under the Trust. Specifically, Reed sought instructions for the co-trustee, Bank One Trust Company, N.A., to pay certain of Reed's expenses from the Trust's principal.[2] The district court granted Reed's request finding that it was the Testator's intent "that in addition to being entitled to receive one-half of the income from the Trust, she be provided for by the Trust principal until such time as Trust principal was reduced to one-half" of the amount of the Trust value, approximately $1,550,000 at that time. The district court found that the requested items were of the type of expenses Reed's father would have desired to be paid on her behalf, finding that the payments were necessary for her health, happiness, maintenance, welfare or comfort as specifically provided by the terms of the Trust.

¶4 In 2007, Reed, and three of her four children, Robert W. Reed, Diane Allyson Martin, and Meredith Allene Farmer (Appellants), filed the present action in Wagoner County District Court seeking an emergency modification of the terms of the Trust to allow Appellee, J.P. Morgan Chase Bank,

---

1. Article IV of the Will, entitled "Provisions Relating to Distribution of Income and Principal," pertains to the Trust and provides in pertinent part:

    3.a) The income and principal of Trust B shall be administered and distributed by the Trustee during the period of time ending with the date of the death of the survivor Ethel R. Weatherby and Eleanor Weatherby Reed as follows:

    i)....

    ii) During the lifetime of my daughter, Eleanor Weatherby Reed, one-half of the net income shall be paid to her in quarterly or more frequent installments. After the death of Eleanor Weatherby Reed, at any time or from time to time there may be paid in equal shares to such of my grandchildren as are living on the date of each such distribution so much of such one-half of the net income as in the sole discretion of the Trustee is necessary or advisable for the health, happiness, education, maintenance, welfare or comfort of such grandchildren.

    iii) At any time or from time to time there may be paid to Eleanor Weatherby Reed so much of the principal (up to an aggregate of one-half thereof) as in the sole discretion of the corporate Trustee is necessary or advisable for her health, happiness, maintenance, welfare or comfort....

2. Although Reed's Petition for Instructions is not part of the record on appeal, it appears that she had insufficient income to pay, and sought to invade the trust principal, for such items as her real property taxes, residential insurance expenses, and any uninsured medical and dental expenses incurred by her on a quarterly basis as well as her funeral expenses.

N.A. (Bank)[3], currently sole trustee of the Trust, to make payments from the remaining one-half of the Trust's principal. In an Amended Petition, Appellants stated that Reed "is an incapacitated person afflicted with Alzheimer's disease, and her condition constitutes an emergency condition which will necessitate her being housed in a nursing home. She is wheel-chair bound, 84 years old, and in precarious health." Appellants maintain that Testator would have wanted Reed, his only child, to have the use of the remaining Trust funds to provide for her well-being.

¶ 5 Appellants requested the emergency modification to allow payments for nursing care as well as for reimbursement of expenses for home care for Reed. Each of the three Appellant children, remaindermen under the Trust, signed consents to show their support for the invasion of the Trust's principal. Appellee, Jennifer R. Hollon ("Hollon"), Reed's remaining child, filed an answer objecting to the Amended Petition as did the Bank.[4] Appellees alleged the affirmative defenses of res judicata and issue preclusion.

¶ 6 Bank filed a motion to transfer the case to Tulsa County, or in the alternative, a motion for summary judgment. The Wagoner County District Court granted the motion to transfer and Bank reasserted its motion for summary judgment in Tulsa County. Bank argued that Testator's intent regarding the payment from principal had been determined in the 1998 Order and, as such, the claims asserted in the Amended Petition are barred by the doctrine of res judicata and collateral estoppel.

¶ 7 Appellants argue that the defenses of res judicata and issue preclusion are inapplicable because the current action to modify the trust by reason of an emergency is an entirely different issue than that decided in the 1998 Order. Appellants urge that it was Testator's intent in creating the Trust to provide for his only daughter's "health, happiness, maintenance, welfare or comfort" during her lifetime, with any remainder to go to his grandchildren. Appellants also urge

that a court of equity may modify the terms of a trust in order to preserve it.

¶ 8 The trial court disagreed with Appellants and found that the 1998 Order made a judicial finding that the co-Trustee was not permitted to make any payments for the benefit of Reed "which would reduce the principal of the trust below $780,000, which was a sum equal to one half of the amount of the Trust at the time it was established." Accordingly, the trial court found that Appellants' claims to modify the Trust were precluded by the doctrine of res judicata. COCA declined to reach the issue of whether the trust might be subject to modification finding that the Testator's intent regarding the invasion of principal was determined in the 1998 Order and limited Reed's share to half of the corpus. We granted certiorari.

## DISCUSSION

¶ 9 Appellants bring this appeal from a ruling that their request for emergency modification of the Trust is barred by res judicata. The doctrine of res judicata is triggered when a judgment rendered by a court of competent jurisdiction upon a question involved in one suit is conclusive upon that question in any subsequent litigation between the same parties. *Erwin v. Frazier,* 1989 OK 95, ¶ 16, 786 P.2d 61, 64; *Dearing v. State ex rel. Com'rs of Land Office,* 1991 OK 6, ¶ 7, 808 P.2d 661, 664. To bar a case on the basis of res judicata, there must be (1) an identity of subject matter, (2) an identity of parties, (3) an identity of the capacity of parties, and (4) an identity of the cause of action. *Dearing v. State ex rel. Com'rs of Land Office,* 1991 OK 6, ¶ 8, 808 P.2d 661, 664; *Carris v. John R. Thomas & Assoc.,* 1995 OK 33, ¶ 10, 896 P.2d 522, 527.

¶ 10 Appellees urge that each of the requisite elements have been met. While we agree that the subject matter, the parties, and the capacity of the parties remain the same, we cannot agree that the cause of the action is the same as that in the 1998 matter.

3. J.P. Morgan Chase Bank, N.A., is the successor in interest to Bank One Trust Co., N.A.

4. Appellee Hollon was served with the Petition in the 1998 case but never made an appearance and, thus, was found to be in default.

The focus of the 1998 lawsuit was to provide instructions to the trustee to make payments from half of the Trust corpus on behalf of Reed. This payment was expressly provided for in the Trust instrument. In the present action, Appellants are seeking, due to an unforeseen medical emergency, to modify the express terms of the Trust and to show that Testator would have intended Reed's present needs be cared for even if it meant invading the remaining half of the Trust corpus[5]. Appellees urge that the 1998 Order broadly determined Testator's intent with respect to all matters involving invasion of the Trust principal and that his intent should not be revisited.

¶ 11 We see no connection between the 1998 Order and the issue here under consideration. The prior judgment did not involve a request for modification to the Trust nor was the current medical emergency present at the time of that decision. At no time did the trial court have to determine whether Testator would have intended his only daughter's health and well-being to be compromised for the sake of maintaining a balance of half the Trust principal. As such, Appellees' defense of res judicata must fail.

■■■ ¶ 12 Appellees also urge the defense of issue preclusion, or collateral estoppel. For issue preclusion to apply, the precise question at issue must have been raised and determined in the prior lawsuit. *Carris v. John R. Thomas & Assoc.*, 1995 OK 33, ¶ 11, 896 P.2d 522, 527–528; *Hesser v. Central National Bank & Trust Co.*, 1998 OK 15, ¶ 17, 956 P.2d 864, 868. It is uncontroverted that the issue of modification of the Trust never surfaced in the 1998 action. As such, the defense of issue preclusion also fails.

¶ 13 Whether Appellants' request for modification should be granted is not before us today. Accordingly, this matter must be remanded back to the trial court to determine whether the requested modification should be allowed.

5. It is well-settled in Oklahoma that in construing a trust document, the primary purpose is to ascertain and give effect to the creator's intent, which should control when not in conflict with

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE TRIAL COURT REVERSED AND REMANDED.

CONCUR: TAYLOR, C.J., COLBERT, V.C.J., KAUGER, WINCHESTER, EDMONDSON, REIF, COMBS, GURICH, JJ.

DISSENTS: WATT, J.

established principles of law. *Crowell, v. Shelton*, 1997 OK 135, 948 P.2d 313, 315; *In re Will of Dimick*, 1975 OK 10, 531 P.2d 1027, 1030; *Hurst v. Kravis*, 1958 OK 290, 333 P.2d 314.